UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------x
MARK LEE, on behalf of himself and            :
all others similarly situated,                :     Case No. 1:24-cv-04493-LJL
                                              :
                    Plaintiff,                :
                                              :
         - against -                          :
                                              :
SPRINGER NATURE AMERICA, INC.,                :
                                              :
                    Defendant.                :
------------------------------------------------------------------x

**DEFENDANT SPRINGER NATURE AMERICA, INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Sharon L. Schneier
Nimra H. Azmi
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel:    (212) 489-8230
Email: sharonschneier@dwt.com
         nimraazmi@dwt.com

*Attorneys for Defendant*

Defendant Springer Nature America, Inc. ("Defendant" or "Springer Nature") submits this memorandum of law in opposition to Plaintiff Mark Lee's ("Plaintiff") Motion to Strike, ECF No. 20 ("Motion to Strike"), and states as follows:[1]

## PRELIMINARY STATEMENT

Initially, Plaintiff's Motion to Strike is procedurally defective. Rule 12(f) of the Federal Rules of Civil Procedure, upon which the Motion is based, applies *only* to pleadings, and not to the exhibits which are attached to the Declaration of Sharon Schneier, ECF No. 16 ("Schneier Decl." or "Schneier Declaration"). As Plaintiff acknowledges, this Court may consider documents not contained within the Complaint where they are incorporated by reference or involve matters of which a court may take judicial notice. Here, the exhibits are webpages from the current *Scientific American* Website or from 2022 (when the Class Period began), and are expressly referred to in the Complaint, which plainly states that "Plaintiff's claims include not only the root website https://www.scientificamerican.com, but also *any page included within the website* (e.g., https://www.scientificamerican.com/videos/)." Compl. at n.1 (emphasis added).

Defendant's declaration and exhibits are all properly before the Court on Defendant's Motion to Dismiss, and Plaintiff's Motion to Strike should be denied.

## ARGUMENT

### I.   PLAINTIFF'S MOTION TO STRIKE IS PROCEDURALLY UNSOUND

Plaintiff's Motion to Strike must be denied as procedurally improper. Fed. R. Civ. P. 12(f) authorizes a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* (emphasis added). "Motions, declarations and affidavits are not pleadings," and as such *may not* "be the subject of a motion to strike." *Granger v. Gill*

---

[1] This Opposition incorporates the definitions set forth in Defendant's Motion to Dismiss. (ECF No. 14).

*Abstract Corp.*, 566 F. Supp. 2d 323, 335 (S.D.N.Y. 2008) (citing Fed. R. Civ. P. 7(a) defining pleadings as the complaint, answer, counter- and cross-claims). The declaration and exhibits Plaintiff seeks to strike are *not* pleadings subject to a Rule 12(f) motion.[2]

Indeed, federal courts in New York have repeatedly denied similarly defective motions to strike on the grounds that "Fed. R. Civ. P. 12(f) applies to pleadings and declarations are not pleadings." *Residential Cap., LLC*, No. 15 CIV. 3248 (KPF), 2016 WL 796860, at *14 (S.D.N.Y. Feb. 22, 2016); *see also MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 499 (S.D.N.Y.), *aff'd*, 719 F. App'x 47 (2d Cir. 2017) (finding motion to strike an "improper vehicle for challenging a declaration attached to a motion to dismiss"); *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238 (S.D.N.Y. 2023) (denying motion to strike exhibits attached to declaration filed in support of defendant's motion to dismiss) (Liman, J.); *Shabazz v. City of New York*, No. 15CV1324RPKRML, 2021 WL 633748, at *3 n. 1 (E.D.N.Y. Feb. 17, 2021) (denying motion to strike affidavit "because Rule 12(f) of the Federal Rules of Civil Procedure only permits courts to strike 'pleadings'—not other types of filings such as affidavits, declarations, and motions"); *Granger*, 566 F. Supp. 2d at 335 (holding motion to strike affidavits "improper" because Rule 12(f) "allows a court to strike pleadings only" and "[m]otions, declarations and affidavits are not pleadings").

Moreover, courts view "[m]otions to strike…with disfavor and [they are] infrequently granted." *In re Lehman Bros. Holdings Inc.*, 474 B.R. 441, 446 (Bankr. S.D.N.Y. 2012); *see also Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015) ("motions to strike under Rule 12(f) are rarely successful."). Motions to strike "should be denied unless the challenged

---

[2] Plaintiff claims that the Schneier Declaration lacks 28 U.S.C. § 1746's assurances, but the Declaration's express invocation of the statute is intended to incorporate those assurances.

allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 429 (S.D.N.Y. 2019) (citation omitted).[3]  That is simply not the case here.  *See infra* at 3-10.

Plaintiff's Motion fails to meet the standards for Rule 12(f) and must be denied.

## II. THE CHALLENGED DECLARATION AND EXHIBITS ARE PROPERLY BEFORE THE COURT

Plaintiff acknowledges that this Court may consider, in deciding a motion to dismiss under Fed. R. Civ. P. 12, documents incorporated into the Complaint by reference and/or subject to judicial notice.  *See* Motion at 2-3.  Exhibits A through E to the Schneier Declaration are properly before the Court under both doctrines.

As this Court has noted, when considering a motion to dismiss, "[t]wo separate rules permit the Court to consider documents that are not contained within the four corners of the complaint." *Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90 v. Intercept Pharms., Inc.*, 21-cv-0036 (LJL), 2022 WL 837114, at *5 (S.D.N.Y. Mar. 21, 2022) (Liman, J.).  Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of a fact that is not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; *or* (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b) (emphasis added).  And under Rule 10(c) of the Federal

---

[3] "To prevail on a [Rule 12(f)] motion to strike, a party must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Shamrock Power Sales, LLC v. Scherer*, No. 12CIV8959KMKJCM, 2016 WL 7647597, at *7 (S.D.N.Y. Dec. 8, 2016), *report and recommendation adopted*, No. 12CV8959KMKJCM, 2017 WL 57855 (S.D.N.Y. Jan. 4, 2017) (citation omitted).  Plaintiff's argument in support of the Motion to Strike does not demonstrate that the Schneier Declaration and Exhibits "contradict well-pleaded factual allegations," Motion at 5, and should be denied.

4

Rules of Civil Procedure, courts can consider documents that are integral to the complaint, *i.e.*, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

As the Second Circuit made clear in *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016), when deciding a motion to dismiss, a court may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Id.* at 230 (citation omitted). Further, even when a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (citation omitted). Accordingly, "the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken." *Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90*, 2022 WL 837114, at *6 (citation omitted); *see also Libman v. Apple, Inc.*, 22-CV-07069-EJD, 2024 WL 4314791, at *5 (N.D. Cal. Sept. 26, 2024) (court can take judicial notice of website pages "because they are aspects of a publicly accessible website") (citation omitted).

### 1. Exhibits A through E Are Subject to Judicial Notice.

Exhibits A through E to the Schneier Declaration are hyperlinks and screenshots of webpages from Defendant's Website. Those materials show how a visitor to the Website accesses videos from *Scientific American*. *See* Schneier Decl. Exs. A-E. Courts routinely take judicial notice of such materials since they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It is well-established that "[f]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information

5

publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F.Supp.2d 173, 179 n.8 (S.D.N.Y.2006); *see also Carter v. Scripps Networks*, 2023 WL 3068158 at *5 n.4 (S.D.N.Y. Apr. 24, 2023) (taking judicial notice of information on a party's website in a VPPA case); *Williams v. PMA Cos., Inc.*, 419 F. Supp. 3d 471, 484 (N.D.N.Y. 2019) (taking judicial notice of defendant's website because it "is publicly available and is capable of accurate and ready determination."); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015).

Plaintiff's gripe that this Court cannot take judicial notice of Defendant's exhibits because they may contradict Plaintiff's allegations "does not chin the bar itself." Motion at 5. To the contrary, the Court is fully entitled to disregard "allegations in a complaint that contradict or are inconsistent with judicially-noticed facts." *Risley v. Universal Navigation Inc.*, 690 F. Supp. 3d 195, 213 (S.D.N.Y. 2023).[4] Plaintiff offers no basis to question the Website's authenticity or the accuracy of the information, *i.e.*, how users of the Website currently and in 2022 (the beginning of the class period) could navigate to the Video Page and view videos on the Website without limitation. Schneier Decl. ¶¶ 2-6.[5] Nor does Plaintiff offer *any* legitimate reason why the Court could not visit the Website and the hyperlinks to determine whether the Website limited access to

---

[4] Plaintiff's out-of-circuit citation for the contention that a "private corporation's website" is not subject to judicial notice, Motion at 6, is at odds with the case law in this Circuit that has ruled the exact opposite. *See supra* at 4-5.

[5] While Plaintiff argues that the accuracy of this information is in dispute because Defendant has not provided copies of the webpages reflecting *every* interaction from the last two years, these webpages—particularly Exs. D and E—are sufficient to show that from the beginning to end of Plaintiff's statutory period there was no limitation on the number of videos a Website visitor could watch. Moreover, the archived version is consistent with Defendant's representation and supports judicial notice. *See Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 165 (S.D.N.Y. 2023).

three videos unless the viewer obtained a subscription to the Website. Motion at 6. While Plaintiff contends that the exhibits should not be judicially noticed because they illuminate an issue that "lies at the heart of this litigation," Motion at 6, he does "not actually dispute the factual material reflected in these websites. He simply would prefer that the Court not consider these materials." *Wells Fargo Bank, N.A.*, 127 F. Supp. 3d at 167 (permitting judicial notice of defendant's websites). While Plaintiff would prefer that the Court ignore these publicly available materials, the Court is fully entitled to consider the full documents upon which the Complaint is based, rather than relying on Plaintiff's unsubstantiated and formulaic recitation of the facts.

Courts in this district have taken judicial notice of the exact kind of webpages and hyperlinks presented here in considering VPPA claims. In *Golden v. NBCUniversal Media, LLC*, for example, the court took judicial notice of "a link to an archived version of Today.com's webpage from September 15, 2022, accessible via Wayback Machine" to support its representation that "there is no ability to open an account on its website." 688 F. Supp. 3d at 165, n.14. The court determined that the archived version was consistent with defendant's representation and took judicial notice of the archived webpage. *Id.* The court granted the motion to dismiss the complaint. *See generally id.* The *Golden* court is not alone in the Southern District in taking judicial notice of information from a defendant's website on a motion to dismiss in a VPPA action. In *Carter v. Scripps Networks, LLC*, for example, the court similarly took judicial notice of defendant's website that "hgtv.com includes an online shop that recommends and links to third-party home-and-garden products, and discloses that 'we may make money from these affiliate links.'" 670 F. Supp. 3d 90, 98 (S.D.N.Y. 2023). And in *Martin v. Meredith Corp*, the court considered webpages from People.com at the motion to dismiss stage, "because they are incorporated in and integral to the complaint," based in part on the inclusion of the website URLs and a screenshot of the a webpage

7

to illustrate how the Pixel sends information to Meta. 657 F. Supp. 3d 277, 284 n 3 (S.D.N.Y. 2023) (history omitted); *see also Carter v. Scripps Networks, supra.*

Plaintiff also ignores the considerable authority that establishes that courts can take "judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 408 (S.D.N.Y. 2022); *see also Thorne v. Square, Inc.*, No. 20CV5119NGGTAM, 2022 WL 542383, at *1 (E.D.N.Y. Feb. 23, 2022), *appeal withdrawn*, No. 22-542, 2022 WL 2068771 (2d Cir. Apr. 14, 2022) ("The court therefore joins the chorus of others and takes judicial notice of these archived webpages from the Wayback Machine"); *Moore v. Madison Reed, Inc.*, No. 122CV115GLSDJS, 2023 WL 5097966, at *2, n.3 (N.D.N.Y. Aug. 9, 2023) (taking "judicial notice of the web pages archived using the Wayback Machine" submitted by defendant); *JLM Couture, Inc. v. Gutman*, No. 20-CV-10575-LTS-SLC, 2024 WL 2053856, at *11, n. 5 (S.D.N.Y. May 8, 2024) ("Federal courts regularly take judicial notice of web pages made available using the WayBack Machine pursuant to Federal Rule of Evidence 201."); *Golden*, 688 F. Supp. 3d at 165.

The Court can properly take judicial notice of Exhibits A though E to the Schneier Declaration. The Motion to Strike should be denied.

### 2. Exhibits A through E Are Incorporated by Reference Into the Complaint

Defendant's Website and the webpages identified in Exhibits A through E to the Schneier Declaration are also incorporated by reference into the Complaint. "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents… [and] [t]o be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *Johnson v. Levy*, 812

F. Supp. 2d 167, 177 (E.D.N.Y. 2011).  Critically, "[i]f the website reveals facts clearly inconsistent with [plaintiff's] allegations, the website controls for the purposes of the Court's analysis." *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 443 n.5 (S.D.N.Y. 2018).  Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Libman v. Apple, Inc.*, 22-cv-7069-EJD, 2024 WL 4314791, at *4-5 (N.D. Cal. Sept. 26, 2024) (noting that a court may assume the content of documents incorporated by reference as true on a motion to dismiss).

Plaintiff admits that "Defendant's Website is the subject of Plaintiff's allegations," Motion at 7, but tries to sidestep the issue by arguing that "the individual webpages identified in Schneier Decl. Exs. A-E are not referenced in the Complaint" and that he did not "rely heavily" on them in drafting it.  Motion at 7.  The Complaint and the nature of its allegations belie this contention.  The Complaint ***expressly sets forth that*** "Plaintiff's claims include not only the root website https://www.scientificamerican.com, but also ***any page included within the website*** (e.g., https://www.scientificamerican.com/videos)."  Compl. at n.1 (emphasis added).  Put simply, Plaintiff literally admits that his Complaint is based on the *entire* Website, with express references to the Landing Page and the Video Page, which are catalogued at Exhibits B through E of the Schneier Declaration.

This centrality is underscored by Plaintiff's repeated references to https://www.scientificamerican.com at Compl. ¶ 24, at nn.1, 10, and at 1.  Not only does Plaintiff expressly admit that these webpages are core to his Complaint, but the Website's landing pages (Schneier Decl. Exs. B and C) through which Plaintiff purportedly signed up for his subscription, Compl. ¶¶ 8, 42, and "requested or obtained prerecorded audiovisual materials," Compl. ¶ 44, and

9

the Video Page, Schneier Decl. Exs. D and E, are the primary access point for Defendant's videos from where the Pixel purportedly collected viewer data. Plaintiff himself points out that the operation of the Video Page is at "the heart of this litigation." Motion at 6. Accordingly, by Plaintiff's own admission, the VPPA claim hinges on the Website. This is clearly a situation where "[t]he website is not only incorporated by reference in the Complaint but is at the center of Plaintiffs' allegations, so the Court may consider the website in its totality as it existed during the relevant time period in resolving Defendants' motion to dismiss." *Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016). Plaintiff's argument that these exhibits are not incorporated by reference is without merit.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike in its entirety.

Dated:  New York, New York
October 23, 2024                                    Respectfully submitted,


                                        */s/ Sharon L. Schneier*
                                        Sharon L. Schneier
                                        Nimra H. Azmi
                                        **DAVIS WRIGHT TREMAINE LLP**
                                        1251 Avenue of the Americas, 21st Floor
                                        New York, NY 10020-1104
                                        Tel:   (212) 489-8230
                                        Email: sharonschneier@dwt.com
                                                        nimraazmi@dwt.com

                                        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Sharon L. Schneier, hereby certify that on October 23, 2024, a copy of the foregoing document was filed electronically and served by e-mail to all parties of record via ECF.

*/s/ Sharon L. Schneier*
Sharon L. Schneier