## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MARK LEE, individually
and on behalf of all others similarly situated,

           Plaintiff,

    v.

SPRINGER NATURE AMERICA, INC.,

           Defendant.

Case No. 1:24-CV-04493-LJL

Hon. Lewis J. Liman

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE DECLARATION AND RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

**ORAL ARGUMENT REQUESTED**

Exhibit's A–E and the incorporated assertions of counsel, *see* Decl. of Sharon Schneier in Support of Mot. to Dismiss, Docket No. 16 ("Exhibits" or "Declaration"), should not be judicially noticed or otherwise considered under the incorporation by reference doctrine for purposes of deciding the pending Motion to Dismiss (Docket No. 14) ("Motion"). First: the Exhibits do not satisfy the requirements for judicial notice under Fed. R. Evid. 201 because they are not free from reasonable dispute or capable of accurate and ready determination: (i) they are in fact disputed, (ii) they are not comprehensive illustrations of the disputed portions of the website, and (iii) they cannot be extended to support the propositions for which Defendant submits them (i.e., that Defendant is not a video tape service provider and its Website offered its entire video library for free and without limitation whatsoever, *see* Declaration and Motion at 12-13, 15). Second, to characterize Exhibits A–E as having been incorporated by reference stretches the doctrine beyond its limits: Plaintiff did not rely on the documents included within Exhibits A–E, and the argument that by identifying www.scientificamerican.com as the website in question renders the entirety of its webpage over a multi-year period incorporated by reference fails.

Most problematic: Defendant offers no justification for considering its counsel's characterizations of such Exhibits, which are inappropriate counter factual assertions *that the Exhibits do not support*. Decl. ¶¶ 3, 5. Particularly, the Exhibits do not reflect counsel's assertion that no restriction exists for the users who attempt to watch their fourth video, although this argument is less critical for either party in light of the holding in *Salazar v. National Basketball Association*, 2024 WL 4487971 (2d. Cir. Oct. 15, 2024). *See* Surreply, Docket No. 27. Because defense counsel's factual assertions and legal arguments are in dispute and not reflected by the Exhibits on which the averments are based, the Court should disregard such statements in the Declaration.

## I.     The Court Should Disregard Defense Counsel's Factual Averments

This Court can unquestionably disregard portions of a declaration that are based on hearsay or are factually inaccurate. "A court may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements." *Schneidermesser v. NYU Grossman School of Medicine*, No. 21 Civ. 7179 (DEH), 2024 WL 4054372, at *1 (S.D.N.Y. Sep. 5, 2024); *see also FTC v. Vantage Point Servs., LLC*, 266 F. Supp. 3d 648, 654 (W.D.N.Y. 2017). A court "is capable of reading the challenged declaration, identifying any portions of it that are improper or lack evidentiary value, and disregarding such portions." *N.Y. State Vegetable Growers Ass'n, Inc. v. James*, No 23 Civ. 1044, 2024 WL 6665978, at *1 (W.D.N.Y. Fb. 16, 2024)*.

In support of its arguments for dismissal under FED. R. CIV. P. 12(b)(6), the declaration improperly seeks to create a dispute by introducing facts contrary to Plaintiff's allegations—facts averred by defense counsel—*not* averred by the Exhibits themselves. "Declarations and affidavits submitted in support of a motion to dismiss, however, 'are generally properly used only to

describe the documents attached to them as exhibits for the Court's consideration, not to advance factual averments or legal arguments.'" *BankUnited N.A. v. Meritt Env't Consulting Corp.*, 360 F. Supp. 3d 172, 184 (S.D.N.Y. 2018).

Critically, the averments and allegations made by defense counsel find no support in the Exhibits. Plaintiff takes specific issue with the statements in Paragraphs 3 and 5 which provide: "[A]ll videos on the website are freely and publicly available on the video page and there was no restriction on the numbers of videos that can be viewed on the page." Decl. ¶¶ 3, 5. Nothing within the associated Exhibits demonstrates unlimited access: the Exhibits fail to illustrate the process by which a user accesses the *fourth* video and would likewise encounter a request for the user's personal information to register an account or subscription.[1] *See* Compl. ¶¶ 28, 43–44.

In sum, the factual averments made by defense counsel in the Declaration are inherently improper at this stage because they suggest a *false* picture of how the website operates. The Court should disregard such averments both as they stand on their own, and as applied within Defendant's Motion. *See BankUnited N.A.*, 360 F. Supp. 3d 172 (refusing to consider portions of declaration containing factual averments or legal arguments).

---

[1] Defendant's suggestion that the Court visit the website and hyperlinks to determine whether the Website limited access to three videos is an additional attempt to create a *false* impression of the facts of this case: although not germane to claims and accordingly not referenced in the Complaint, in March of 2024 the Website ceased its practice of requiring a subscription to access more than three videos.

Regardless, *Salazar* now makes clear any recipient of the e-mail newsletter who accessed videos is entitled to the protections of the VPPA, and nevertheless, this distinction lost some significance in light of its discussion that merely providing personal information in exchange for watching free videos may qualify a person as a subscriber. *Salazar*, 2024 WL 4487971, at *13.

## II.    **Defendant's Exhibits Should Not Be Considered**

### A.    The Court Should Not Take Judicial Notice Of The Exhibits

The Court should deny Defendant's request for judicial notice of Exhibits A–E because its sole purpose in introducing such documents is to contradict Plaintiff's well-pleaded factual allegations—a request that, as attempted by Defendant, is wholly improper under Rule 12(b)(6). Fed. R. Evid. 201(b) (limiting judicial notice to facts "not subject to reasonable dispute" or which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Judicial notice is a tool used when an adjudicative fact is "beyond reasonable controversy" such that the Court needs no further proof it exists. *Cabrera v. Schafer*, 178 F. Supp. 3d 69, 72 (E.D.N.Y. 2016). This is clearly not the case.

Even if the Court takes judicial notice of Exhibits A–E, the Court should only consider the statements within the exhibits—none of which reasonably support Defendant's factual averments that it is not a videotape service provider or that it offered free, unlimited access to all videos during the entirety of the class period. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d. Cir. 1991) (taking judicial notice of documents "not to prove the truth of their contents but only to determine what the documents stated.")

Defendant's assertion that the Court can disregard allegations in Plaintiff's Complaint that are inconsistent with judicially-noticed facts gives far too much credit to the Exhibits, which fail to contradict Plaintiff's allegations that, during the class period, Scientific American required a subscription to view more than three videos, and which fail to prove Defendant is not a video-tape service provider.[2] *See* Decl. Exs. A–E.

---

[2] In fact, Exhibits A, B, D, and E, demonstrate both that Defendant's website offers users the ability to "subscribe" to its content *and* that Defendant hosts sufficient video content that it dedicated an entire section as a "Video" page.

In all, Defendant's request fails to satisfy FED. R. EVID. 201(b) because the Exhibits do not present facts free from reasonable dispute, an issue exacerbated by the fact that the documents simply do not support the propositions for which Defendant presents them for the Court's consideration.

B.  Plaintiff's Complaint Does Not Incorporate The Exhibits By Reference

Defendant next argues that Plaintiff incorporated its *entire website* within his Complaint. By Defendant's standards, any mention of www.google.com would incorporate the entirety of the internet into a Complaint—this goes too far. "Incorporation by reference must meet an 'exacting standard'; vague references to documents not specifically identified do not suffice." *Forge Underwriting LTD v. AmTrust Fin. Servs., Inc.*, No 1:23-cv-06201 (JLR), 2023 WL 6890844, at *5 (S.D.N.Y. Oct. 19, 2023).

Plaintiff's Complaint references Defendant's website as follows: First, Plaintiff generally refers to Defendant using its URL, www.scientificamerican.com, to identify the web property at which users interact with Defendant's content; and second, Plaintiff includes a singular figure at paragraph 33 of his Complaint to demonstrate both that videos are available on Defendant's website and to illustrate the network traffic associated with requesting or obtaining said video. *See* Compl. In fact, Plaintiff's Complaint only refers to the URL (www.scientificamerican.com) an insignificant ***five times*** within his almost twenty-page complaint.[3] Plaintiff only relies on Defendant's website to illustrate that users can watch videos, *see* Compl. ¶ 33, and to identify the web property as facilitating the viewing of videos and offering subscriptions. Otherwise, Plaintiff's allegations relate to the network traffic generated by use of Defendant's website which discloses subscribers' PII to Meta—but this traffic is not depicted within Exhibits A–E and, because network

---

[3] Two of these references are within the same paragraph, at footnote 1.

traffic is inherently dynamic and facilitated by real-time website interaction, is incapable of being subject to judicial notice or incorporation by reference. Plaintiff's references to Defendant's website are insufficient to support Defendant's claim that Plaintiff incorporated by reference the entirety of its website into his complaint. *See Mosdos Chofetz Chaim, Inc. v. Vill. Of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents.") (internal quotations removed).

Exhibits A–E are not 'integral' to the Complaint because Plaintiff did not rely heavily on them or their effect in drafting his Complaint. Incorporation by reference demands that a plaintiff relied on the documents and its terms in drafting the complaint, "mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d. Cir. 2002); *see Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (finding that material considered 'integral' is a "contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls[.]").

### III.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff requests the Court disregard the factual averments made within Defendant's Declaration and DENY Defendant's request for judicial notice of Exhibits A-E or consideration pursuant to the incorporation by reference doctrine.

Dated: October 30, 2024                    Respectfully submitted,

                                           */s/ Samuel R. Jackson*
                                           Samuel R. Jackson (5332325)
                                           James Allen Carney (admitted *pro hac vice*)
                                           CARNEY BATES & PULLIAM, PLLC
                                           One Allied Drive, Suite 1400
                                           Little Rock, AR 72202
                                           Telephone: (501) 312-8500
                                           Facsimile: (501) 312-8505
                                           Email: sjackson@cbplaw.com
                                           Email: acarney@cbplaw.com

                                           *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on October 30, 2024, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic mail notice to all counsel of record.

                                           */s/ Samuel R. Jackson*
                                            Samuel R. Jackson