**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

| | |
|---|---|
| MARK LEE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>SPRINGER NATURE AMERICA, INC.,<br><br>Defendant. | Case No. 1:24-cv-04493-LJL |

**DEFENDANT SPRINGER NATURE AMERICA, INC.'S ANSWER AND DEFENSES TO THE CLASS ACTION COMPLAINT**

Defendant Springer Nature America, Inc. ("Defendant" or "Springer Nature") by and through its undersigned counsel, hereby files its Answer to Plaintiff Mark Lee's ("Plaintiff") Class Action Complaint using the same headings and paragraph numbers employed by Plaintiff.[1]

## NATURE OF THE CASE[2]

1. Paragraph 1 contains legal conclusions that require no response. To the extent a response is required, Defendant admits that Plaintiff purports to bring a consumer privacy class action and otherwise denies the allegations in Paragraph 1.

2. Defendant respectfully refers this Court to the full text of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and otherwise denies the allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions that require no response. To the extent a response is required, the only product accessible to consumers that Plaintiff has identified that

[1] To the extent any response is required to the allegations in the introductory paragraph and in footnote 1 to the introductory paragraph, Defendant denies those allegations.

[2] Defendant repeats the headings from Plaintiff's Complaint for ease of reference but does not admit anything associated with these headers and to the extent any response is required, denies those allegations.

allegedly included the Meta Pixel (the "Pixel") that disclosed personally identifiable information is from the website scientificamerican.com (the "Website"). Defendant otherwise denies the allegations in Paragraph 3, including that the Pixel is currently on its website.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4. To the extent any further response is required, Defendant denies the allegations therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. To the extent any further response is required, Defendant denies the allegations therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and further denies the allegation in Paragraph 6 that "Defendant installed the Pixel to collect and disclose to Meta the prerecorded audio visual material its subscribers request or obtain from its Website." To the extent any further response is required, Defendant denies the allegations therein.

7. Paragraph 7 contains legal conclusions that require no response. To the extent any response is required, Defendant denies the characterization of Plaintiff and putative class members as "subscribers" and denies that they are entitled to injunctive relief, liquidated damages, attorneys' fees and costs, and otherwise denies the allegations in Paragraph 7.

## PARTIES

8. Paragraph 8 contains legal conclusions that require no response. To the extent any response is required, Defendant denies that Plaintiff is a "subscriber" and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, including

that Plaintiff "requests or obtains prerecorded video material from the Website." To the extent any further response is required, Defendant denies the allegations therein.

9. Paragraph 9 contains legal conclusions that require no response. To the extent any response is required, Defendant denies the characterization of Defendant's activities. Defendant admits that it is a New York corporation headquartered at One New York Plaza, Suite 4600, New York, NY 10004 and that it owns and operates a website scientificamerican.com which is operated as part of *Scientific American*. Defendant denies the remaining allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 contains legal conclusions that require no response. Defendant admits that it is incorporated and has its principal place of business in New York, New York and that this Court has personal jurisdiction over it with respect to the claims related to the use of scientificamerican.com in the United States.

11. Paragraph 11 contains legal conclusions that require no response. To the extent any response is required, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's VPPA claim pursuant to 28 U.S.C. § 1331.

12. Paragraph 12 contains legal conclusions that require no response. To the extent any response is required, Defendant admits that venue is proper in this District with respect to the claims related to the use of scientificamerican.com in the United States.

## COMMON FACTUAL ALLEGATIONS

### I. Background of the VPPA

13. Paragraph 13 contains legal conclusions that require no response. To the extent any response is required, Defendant respectfully refers this Court to the full text of the VPPA for an

accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 13.

14. Admits that Plaintiff purports to characterize the VPPA and its legislative history. Defendant respectfully refers this Court to the full text of the VPPA and its legislative history for an accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 14.

15. Admits that Plaintiff purports to characterize the VPPA, its legislative history, and the United States Court of Appeals for the First Circuit's decision in *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 485 (1st Cir. 2016). Defendant respectfully refers this Court to the full text of the VPPA, its legislative history, and to the First Circuit's decision in *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 485 (1st Cir. 2016) for an accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 15.

16. Admits that Plaintiff purports to characterize the Washington City Paper article, *The Bork Tapes* by Michael Dolan in Paragraph 16 and footnote 2 and *Chapter Three the Video Privacy Protection Act as a Model Intellectual Privacy Statute* published in the Harvard Law Review and respectfully refers this Court to those articles for an accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 16.

17. Admits that Plaintiff purports to refer to a 2012 Senate Judiciary Committee meeting in paragraph 17 and footnote 3 entitled "The Video Privacy Protection Act: Protecting Viewer Privacy in the 21st Century", and respectfully refers this Court to those materials for an accurate description of the contents thereof and otherwise denies the allegations in Paragraph 17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in Paragraph 17. To the extent any further response is required, Defendant denies the allegations therein.

18. Paragraph 18 and footnote 4 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to refer to the U.S. Supreme Court's decision in *TransUnion LLC v. Ramirez,* 594 U.S. 413, 425 (2021) and respectfully refers this Court to that decision and the Restatement (Second) of Torts Sec. 652A referenced in footnote 4 for an accurate description of the contents thereof. Defendant otherwise denies the allegations therein.

19. Paragraph 19 contains legal conclusions that require no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19. To the extent any further response is required, Defendant denies the allegations therein.

## II. The Pixel Is Designed to Collect Information about Users' Online Behavior

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and footnotes 5-6. To the extent any further response is required, Defendant denies the allegations therein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21. To the extent any further response is required, Defendant denies the allegations therein.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22. To the extent any further response is required, Defendant denies the allegations therein.

23. Admits that Plaintiff purports to refer to Meta's *About Meta Pixel* webpage in Paragraph 23 and footnote 8 and *Meta Reports Fourth Quarter and Full Year 2023 Results* in

Paragraph 23 and footnote 7 and respectfully refers this Court to those articles for an accurate description of the contents thereof. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and footnotes 7-9. To the extent any further response is required, Defendant denies the allegations therein.

### III. Defendant's Disclosure of PII Is Knowing Because It Designed Its Website to Do So

24. Admits that Defendant operates scientificamerican.com, which is the only product of Defendant's at issue here and is accessible via computer browser and admits that it installed the Pixel into its Website operation. Defendant denies that it made the "knowing choice to disclose subscribers' PII to Meta" as alleged in Paragraph 24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 10. To the extent any further response is required, Defendant denies the allegations therein.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and footnote 11. To the extent any further response is required, Defendant denies the allegations therein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and footnote 12. To the extent any further response is required, Defendant denies the allegations therein.

27. Paragraph 27 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 27, including that "payment information" was required in order to view any videos on the *Scientific American* website.

28. Denies the allegations in Paragraph 28. Access to videos on *Scientific American* Website was unlimited and free during the class period and watching videos on the website did not and does not require a Website visitor to be a subscriber to *Scientific American*.

## IV. How Defendant Discloses Subscribers' PII

29. Paragraph 29 contains legal conclusions that require no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29. To the extent any further response is required, Defendant denies the allegations therein.

30. Paragraph 30 contains legal conclusions that require no response. To the extent a response is required, Defendant denies that it knowingly provides an FID or URL containing the name of the audiovisual material requested to Meta. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and footnote 13. To the extent any further response is required, Defendant denies the allegations therein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31. To the extent any further response is required, Defendant denies the allegations therein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and footnote 14. To the extent any further response is required, Defendant denies the allegations therein.

33. Admits that Plaintiff purports to refer to an allegedly exemplar transmission for a fictious user at Figure 3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. To the extent any further response is required, Defendant denies the allegations therein.

34. Denies the allegations in Paragraph 34 and footnote 15 to the extent they refer to an allegedly fictitious user.

35. Admits that the FID is displayed as a numeric value referred to as the "c_user" and that Plaintiff purports to refer to an allegedly exemplar transmission at Figure 4 for a fictitious user. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35. To the extent any further response is required, Defendant denies the allegations therein.

36. Admits that Plaintiff purports to refer to an allegedly exemplar transmission from a fictitious user at Figure 5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36. To the extent any further response is required, Defendant denies the allegations therein.

37. Admits that Plaintiff purports to refer to Figures 6 and 7 for an allegedly exemplar transmission from a fictitious user. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. To the extent any further response is required, Defendant denies the allegations therein.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38. To the extent any further response is required, Defendant denies the allegations therein.

39. Denies that Defendant disclosed PII belonging to Plaintiff or any purported Class Member. Defendant denies knowledge or information as to whether "Most Americans hold strong views about the importance of privacy in their everyday lives," and 93% of adults believe it is important to have control over who can access information about them. To the extent any further response is required, Defendant denies the allegations therein and in footnotes 16-17.

40. Paragraph 40 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41. Paragraph 41 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

**PLAINTIFF-SPECIFIC ALLEGATIONS**

42. Paragraph 42 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44. To the extent any further response is required, Defendant denies the allegations therein.

45. Paragraph 45 contains legal conclusions that require no response. To the extent a response is required, Defendant denies that it disclosed to Meta Plaintiff's FID, the title of the prerecorded audiovisual material he requested or obtained, and the URLs to access that material. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45. To the extent any further response is required, Defendant denies the allegations therein.

46. Paragraph 46 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

**CLASS ALLEGATIONS**

47. Paragraph 47 contains legal conclusions that require no response. To the extent a response is required, Defendant admits that Plaintiff purports bring this case on behalf of a class described in Paragraph 47, but denies that Plaintiff can maintain this action as a class action and

denies that the class as alleged can be certified. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 contains no factual allegations that require a response. To the extent a response is required, Defendant admits that Plaintiff purports to describe the alleged "Class Period," but denies that Plaintiff can maintain this action either as a class action or for the period sets forth therein and denies that the class as alleged can be certified.

49. Paragraph 49 contains no factual allegations that require a response. To the extent a response is required, Defendant admits that Plaintiff purports to describe the class that he seeks to represent but denies that Plaintiff can maintain this action as a class action and denies that the class as alleged can be certified.

50. Paragraph 50 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53. Paragraph 53 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56. Paragraph 56 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

**CAUSE OF ACTION**
**Violation of the Video Privacy Protection Act**
**18 U.S.C. § 2710**

57. Defendant incorporates and repeats as if set forth fully herein its admissions, denials, averrals, and other answers to the allegations set forth in the above Paragraphs.

58. Admits that Plaintiff purports to characterize the VPPA. Defendant respectfully refers this Court to the full text of the VPPA for an accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal conclusions that require no response. To the extent a response is required, Defendant admits that Plaintiff purports to characterize the VPPA and respectfully refers this Court to the full text of the VPPA for an accurate description of the contents thereof. Defendant denies that it is a video tape services provider as defined by the VPPA and otherwise denies the allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions that require no response. To the extent a response is required, Defendant admits that Plaintiff purports to characterize the VPPA and respectfully refers this Court to the full text of the VPPA for an accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions that require no response. To the extent a response is required, Defendant admits that Plaintiff purports to characterize the VPPA and respectfully refers this Court to the full text of the VPPA for an accurate description of the contents thereof. Defendant otherwise denies the allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63. Paragraph 63 contains legal conclusions that require no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to whether an ordinary person with an FID could identify the individual associated with another FID by typing "www.facebook.com/FID/" into a web browser. To the extent any further response is required, Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. Paragraph 65 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

68. Paragraph 68 contains legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69. Denies that Plaintiff or class members are entitled to injunctive relief, liquidated damages in the amount of $2,500 per violation; reasonable attorneys' fees and costs; and/or any other preliminary or equitable relief as alleged in Paragraph 69.

## **RESPONSE TO PRAYER FOR RELIEF**

With respect to the WHEREFORE clauses in the Complaint, Defendant denies that Plaintiff or any putative class member is entitled to any relief requested or otherwise, and as a result, denies Plaintiff's Prayer for Relief in its entirety.

## **DEMAND FOR JURY TRIAL**

Defendant admits only that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof not allocated by operation of law, Defendant asserts the following legal defenses. The inclusion of a defense or its description as an affirmative defense does not and should not be construed to assume any burden not associated by law to Defendant.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or other putative class members are not "subscribers" as that term is defined under the VPPA and by applicable case law.

## THIRD AFFIRMATIVE DEFENSE

Defendant is not a video tape service provider and is not a video service as that term is defined under the VPPA and by applicable case law.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not knowingly provide personally identifiable information to Meta and does not know if or when third-party cookies contain personally identifiable information.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not knowingly cause the Pixel to share video viewing information.

## SIXTH AFFIRMATIVE DEFENSE

The information conveyed by the Pixel did not contain the title of the video content on scientificamerican.com that was allegedly accessed or viewed by Plaintiff and the putative class members.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, by the terms and conditions and privacy policy on the *Scientific American* Website and Meta's website.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, because any disclosure allegedly made by Defendant was made with the consent of the relevant individual.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members' claims are barred, in whole or in part, by the statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members have not incurred any injury as a result of Defendant's alleged actions.

**ELEVENTH AFFIRMATIVE DEFENSE**

The purported class cannot be certified because it does not meet the requirements of Federal Rule of Civil Procedure 23.

**TWELFTH AFFIRMATIVE DEFENSE**

No damages or other relief can be recovered by Plaintiff and/or members of the asserted putative class to the extent the Complaint seeks relief based on alleged violations outside the applicable statute of limitations period under the VPPA.

**THIRTEENTH AFFIFRMATIVE DEFENSE**

Plaintiff's request for injunctive relief individually and on behalf of the putative class is barred because Plaintiff and the putative class are not at risk of suffering irreparable or future harm.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The VPPA claim of Plaintiff and/or others alleged to be members of the putative class is barred by the First Amendment because it is based on the publication of Defendant's speech in a manner violative of the First Amendment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint and the cause of action therein alleged by Plaintiff individually and on behalf of the putative class is barred because the money damages that can be awarded under the VPPA are so grossly excessive that such awards violate the Due Process Clauses of the United States Constitution and the Constitution of the State of New York.

Defendant reserves the right to supplement its answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

Dated: March 18, 2025
New York, New York

Respectfully submitted,

*/s/ Sharon L. Schneier*
Sharon L. Schneier
Nimra H. Azmi
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
Email: sharonschneier@dwt.com
nimraazmi@dwt.com

*Attorneys for Defendant Springer Nature America, Inc.*