**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK LEE, individually<br>and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINGER NATURE AMERICA, INC.,<br><br>Defendant. | Case No. 1:24-CV-04493-LJL<br><br>Hon. Lewis J. Liman |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS


I. INTRODUCTION ... 1
II. OVERVIEW OF THE LITIGATION ... 2
III. SUMMARY OF THE SETTLEMENT TERMS ... 4
A. The Settlement Class ... 4
B. Monetary Relief ... 5
C. Business Practice Changes ... 5
D. Release ... 5
E. Notice ... 6
F. Attorneys' Fees, Litigation Expenses, and a Service Award ... 6
IV. PROPOSED SCHEDULE OF EVENTS ... 7
V. APPLICABLE LEGAL STANDARDS ... 7
VI. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ... 9
A. The Settlement Is Procedurally Fair. ... 9
B. The Settlement Is an Excellent Result for the Settlement Class, and Consideration of the Risks of Continued Litigation, the Effectiveness of Proposed Distribution Methods, the Anticipated Application for Attorneys' Fees, and the Lack of any Side Agreement Favor Preliminary Approval. ... 11
1. The Complexity, Expense, and Duration of Litigation Through Trial and Appeal. ... 11
2. The Effectiveness of Proposed Distributions Methods and the Lack of an Agreement Required to Be Identified Under 23(e)(3). ... 13
3. Class Counsel's Reasonable Fee Request Will Neither Impair nor Delay Relief to the Settlement Class. ... 14
C. The Settlement Treats Settlement Class Members Equitably. ... 15
D. The Remaining *Grinnell* Factors Weigh in Favor of Preliminary Approval. ... 16
VII. THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASS. ... 17
A. The Settlement Class Is Sufficiently Numerous. ... 18
1. There Are Common Issues of Law or Fact Common to the Settlement Class. ... 18
2. Plaintiff's Claims Are Typical of the Claims of the Settlement Class. ... 19
B. Plaintiff and Class Counsel Will Fairly and Adequately Represent the Interests of the Settlement Class ... 19
C. The Questions of Law and Fact in this Action Predominate over any Individual Issues, and a Class Action Is the Superior and Most Efficient Means to

Adjudicate the Claims. ... 20
1. Common Questions of Law and Fact Predominate. ... 20
2. A Class Action Is the Superior Method of Adjudicating This Case. ... 21
VIII. THE NOTICE PROGRAM IS ADEQUATE AND FULFILLS ALL REQUIREMENTS OF RULE 23 AND DUE PROCESS. ... 22
IX. CONCLUSION ... 24

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. v. Windsor,*
521 U.S. 591 (1997) .......... 19, 20, 21

*Broockmann v. Bank of Greene Cnty.*,
2023 WL 7019273 (N.D.N.Y. Oct. 25, 2023) .......... 15

*Christine Asia Co. v. Yun Ma*,
2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) .......... 16, 24

*City of Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974) .......... passim

*Clark v. City of New York*,
2024 WL 1855668 (S.D.N.Y. Apr. 29, 2024) .......... 10

*Consol. Rail Corp. v. Town of Hyde Park*,
47 F.3d 473 (2d Cir. 1995) .......... 18

*Cordes & Co. Fin Servs. v. A.G. Edwards & Sons, Inc.*,
502 F.3d 91 (2d Cir. 2007) .......... 9

*D'Amato v. Deutsche Bank*,
236 F.3d 78 (2d Cir. 2001) .......... 11, 12

*Feldman v. Star Tribune Media Company LLC*,
0:22-CV-01731, slip opinion (June 17, 2024) .......... 14

*Fleisher v. Phoenix Life Ins. Co.*,
2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) .......... 12

*George v. Shamrock Saloon II, LLC*,
2021 WL 3188314 (S.D.N.Y. July 28, 2021) .......... 22

*Gonzalez v. Hanover Ventures Marketplace LLC*,
2025 WL 1603941 (S.D.N.Y. June 6, 2025) .......... 15

*Hicks v. Morgan Stanley & Co.*,
2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) .......... 13

*Hughes v. National Football League*,
2025 WL 1720295 (2d. Cir. June 20, 2025) ........ 12

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
689 F.3d 229 (2d Cir. 2012)........ 21, 22

*In re AOL Time Warner, Inc.*,
2006 WL 903236 (S.D.N.Y. Apr. 6, 2006)........ 16

*In re Austrian & German Bank Holocaust Litig.*,
80 F. Supp. 2d 164 (S.D.N.Y. 2000)........ 12

*In re Citigroup Inc. Bond Litig.*,
296 F.R.D. 147 (S.D.N.Y. 2013) ........ 10

*In re Currency Conversion Fee Antitrust Litig.*,
263 F.R.D. 110 (S.D.N.Y. 2009) ........ 12

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)........ 19

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
574 F.3d 29 (2d Cir. 2009)........ 19

*In re Google Inc. St. View Elec. Commc'ns Litig.*,
21 F.4th 1102 (9th Cir. 2021) ........ 14

*In re IMAX Sec. Litig.*,
283 F.R.D. 178 (S.D.N.Y. 2012) ........ 16

*In re N. Dynasty Mins. Ltd. Sec. Litig.*,
2024 WL 308242 (E.D.N.Y. Jan. 26, 2024) ........ 15

*In re Namenda Direct Purchaser Antitrust Litig.*,
462 F. Supp. 3d 307 (S.D.N.Y. 2020)........ 12

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
330 F.R.D. 11 (E.D.N.Y. 2019)........ 12, 16

*In re Synchrony Fin. Sec. Litig.*,
2023 WL 4992933 (D. Conn. Aug. 4, 2023) ........ 8, 16, 23

*In re Tenaris S.A. Sec. Litig.*,
2024 WL 1719632 (E.D.N.Y. Apr. 22, 2024) ........ 12

*In re TikTok Inc., Consumer Priv. Litig.*,
2022 WL 19079999 (7th Cir. Oct. 12, 2022)........................................................................ 21

*In re TikTok, Inc., Consumer Priv. Litig.*,
617 F. Supp. 3d 904 (N.D. Ill. 2022)................................................................................. 21

*In re Vizio, Inc., Consumer Priv. Litig.*,
2019 WL 12966638 (C.D. Cal. July 31, 2019)..................................................................... 14

*Jancik v. WebMD LLC*,
2025 WL 560705 (N.D. Ga. Feb. 20, 2025) ......................................................................... 13

*Maddison v. Comfort Sys. USA (Syracuse), Inc.*,
2023 WL 3251421 (N.D.N.Y. May 3, 2023)......................................................................... 12

*Martinez v. D2C LLC*,
2023 WL 6587308 (S.D. Fl. Oct. 10, 2023) ......................................................................... 13

*Matheson v. T-Bone Rest., LLC*,
2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011) ...................................................................... 10

*Nichols v. Noom, Inc.*,
2022 WL 2705354 (S.D.N.Y. July 12, 2022)....................................................................... 13

*Reyes v. Summit Health Mgmt., LLC*,
2024 WL 472841 (S.D.N.Y. Feb. 6, 2024)............................................................................. 9

*Selby v. Principal Mut. Life Ins. Co.*,
2003 WL 22772330 (S.D.N.Y. Nov. 21, 2003)..................................................................... 17

*Sellers, et al. v. Bleacher Report, Inc.*,
2024-003537-CA-01, slip opinion (August 8, 2024)............................................................ 14

*Shapiro v. JPMorgan Chase & Co.*,
2014 U.S. Dist. LEXIS 37872 (S.D.N.Y. Mar. 21, 2014) ...................................................... 18

*Soler v. Fresh Direct LLC*,
2023 WL 2492977 (S.D.N.Y. Mar. 14, 2023) ......................................................................... 8

*Solomon v. Flipps Media, Inc.*,
136 F.4th 41 (2d. Cir. 2025) ................................................................................................ 12

*Stinson v. City of N.Y.*,
256 F. Supp. 3d 283 (S.D.N.Y. 2017)................................................................................... 12

*Sullivan v. DB Invs., Inc.*,
667 F.3d 273 (3d Cir. 2011) ... 21

*UFCW Loc. 1776 v. Eli Lilly & Co.*,
620 F.3d 121 (2d Cir. 2010) ... 20

*Vargas v. Capital One Fin. Advisors*,
559 F. App'x 22 (2d Cir. 2014) ... 22

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ... 18

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
396 F.3d 96 (2d Cir. 2005) ... 9, 22

**Rules**

Fed. R. Civ. P. 23 ... 4
Fed. R. Civ. P. 23(a) ... 21
Fed. R. Civ. P. 23(a)(2) ... 22, 23
Fed. R. Civ. P. 23(a)(3) ... 23
Fed. R. Civ. P. 23(a)(4) ... 24
Fed. R. Civ. P. 23(b) ... 21
Fed. R. Civ. P. 23(b)(3)(D) ... 27
Fed. R. Civ. P. 23(c)(2)(B) ... 11, 27
Fed. R. Civ. P. 23(e)(1) ... 7
Fed. R. Civ. P. 23(e)(2) ... 7, 8, 10, 21
Fed. R. Civ. P. 23(e)(2)(C) ... 12
Fed. R. Civ. P. 23(e)(2)(C)(ii) ... 16, 17
Fed. R. Civ. P. 23(e)(2)(C)(iii) ... 18
Fed. R. Civ. P. 23(e)(2)(C)(iv) ... 16
Fed. R. Civ. P. 23(e)(2)(D) ... 19
Fed. R. Civ. P. 23(e)(3) ... 16, 17
Fed. R. Evid. 408 ... 4

**Statutes**

18 U.S.C. § 2710 ... 1, 2

**Other Authorities**

Herbert B. Newberg & William B. Rubenstein, *Newberg and Rubenstein on Class Actions* §
13:44 (6th ed. 2022) ... 9

## I. INTRODUCTION

Plaintiff Mark Lee ("Plaintiff" or "Settlement Class Representative") moves unopposed for an order granting preliminary approval of the Class Action Settlement Agreement[1] (the "Settlement" or "Settlement Agreement") he has reached with Defendant Springer Nature America, Inc. ("SNAI" or "Defendant"). The Settlement will fully resolve this litigation, wherein Plaintiff alleges SNAI violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), by installing and running the Meta Pixel on the website, https://www.scientificamerican.com (the "Scientific American Website"), thereby disclosing consumers' personally identifiable information, which the VPPA defines as including information that identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Under the proposed Settlement, SNAI will create a $900,000 non-reversionary cash fund for the benefit of the Settlement Class. SNAI also will agree to continue its suspension of the operation of the Meta Pixel on portions of the Scientific American Website relevant to VPPA compliance—i.e., webpages that both include video content and have a URL that identifies the video content viewed.

The Settlement presented for the Court's consideration is fair, reasonable, and adequate. After deduction of Court-awarded fees, expenses, service award, and administrative costs, Settlement Class Members who submit valid claims through a very simple claims process will each receive a *pro rata* share of the Net Settlement Fund. Plaintiff and his counsel have vigorously prosecuted this action on behalf of the Settlement Class and—through extensive, arm's-length

[1] Capitalized terms that are otherwise undefined have the same meaning as in the Settlement Agreement.

negotiations overseen by experienced mediator Hon. Diane M. Welsh (Ret.)— have developed an understanding of the strengths and weaknesses of the action. Notwithstanding his confidence in the merits of his VPPA claim, Plaintiff recognizes the challenges and risks inherent in proceeding through litigation and proving his claims at trial. The challenges and risks include certifying the proposed class, maintaining class certification through trial and any appeal, as well as Defendant's various defenses to liability, including those arising under the statutory text and Plaintiff's consent to Facebook's terms of use and service, as well as defenses to any recovery of damages and other affirmative defenses.

For the reasons set forth herein, Plaintiff respectfully request the Court: (1) find it will likely (a) approve the Settlement and (b) certify the Settlement Class for purposes of judgment on the proposed Settlement; (2) appoint Plaintiff Mark Lee as Class Representative for the Settlement Class; (3) appoint Carney Bates & Pulliam PLLC as Class Counsel; (4) direct notice to the Settlement Class and approve the form and manner thereof; (5) set a schedule for final approval of the Settlement and Plaintiff's request for attorneys' fees and expenses; (6) approve the proposed schedule of events; and (7) schedule a Final Approval Hearing.

## II. OVERVIEW OF THE LITIGATION

On June 12, 2024, Plaintiff filed a putative class action complaint against SNAI in the United States District Court for the Southern District of New York (the "Action") alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq*. (the "VPPA"). ECF No. 1. The material allegations of the Complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information ("PII"), as defined under the VPPA, to Meta (formerly Facebook) without informed, written consent by installing the Meta Pixel on the Scientific

American Website.

On August 23, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint, along with a supporting memorandum of law and two declarations. ECF Nos. 13-16. On September 20, 2024, Plaintiff filed an opposition to Defendant's Motion to Dismiss (ECF No. 19) and a Motion to Strike (ECF No. 20). On October 23, 2024, Defendant filed its reply in further support of its Motion to Dismiss and its response to Plaintiff's Motion to Strike. ECF Nos. 25-26. On October 30, 3024, Plaintiff filed a sur-reply in opposition to Defendant's Motion to Dismiss and his reply in further support of his Motion to Strike. ECF Nos. 27-28.

On March 4, 2025, the Court entered an order denying Defendant's Motion to Dismiss and denying Plaintiff's Motion to Strike. ECF No. 29.

On March 7, 2025, Plaintiff's Counsel filed a letter motion with the Court requesting a forty-five (45) day extension with regard to the parties' deadline to request an Initial Pretrial Conference, to enable the parties to explore the possibility of mediation (ECF No. 30), which the Court granted. ECF No. 31.

On March 18, 2025, Defendant filed its Answer. ECF No. 32.

On April 9, 2025, Plaintiff's Counsel filed a letter motion advising the Court that the parties had scheduled a mediation session for May 9, 2025, and requesting the Court to extend the parties' deadline to request an Initial Pretrial Conference to May 23, 2025 (ECF No. 33), which the Court did. ECF No. 34.

On May 9, 2025, the parties attended an all-day mediation with the Honorable Diane M. Welsh (Ret.). This mediation resulted in a settlement in principle. As part of the mediation process, the Parties submitted mediation statements and exchanged informal discovery regarding the merits

of the case and class certification under Fed. R. Civ. P. 23 and Fed. R. Evid. 408.

On May 21, 2025, Plaintiff's Counsel filed a letter motion informing the Court that the parties had engaged in a full-day mediation session before Hon. Diane Welsh (Ret.) on May 6, 2025, which resulted in an agreement in principle to resolve this matter. ECF No. 35. As such, Plaintiff's Counsel further asked the Court to strike the May 23, 2025 deadline to request an Initial Pretrial Conference, and instead set a deadline of June 13, 2025 for Plaintiff to file his motion for preliminary approval (*see id.*), which the Court granted. ECF No. 36.

Since the mediation, counsel for the parties continued to negotiate in order to reach the final terms of the settlement, which are memorialized in the Settlement Agreement and exhibits and summarized below.

## III. SUMMARY OF THE SETTLEMENT TERMS

### A. <u>The Settlement Class</u>

The Settlement Agreement defines the Settlement Class as follows:

> all persons in the United States who: (1) possessed login credentials for the website, https://www.scientificamerican.com (the "Scientific American Website"), whether accessed via a web browser or mobile device and were paying subscribers; (2) possessed a Facebook account and (3) requested or obtained video content from and/or through any of SNAI's Services during the Class Period while logged into Facebook.

Settlement Agreement ¶ 1.33. The "Class Period" is defined as the period from June 12, 2022, to and through the date of Preliminary Approval. *Id.* at ¶ 1.5. The Settlement Class specifically excludes: (1) any persons who have asserted claims against Defendant under the VPPA prior to the date of this settlement through counsel other than Class Counsel; (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a

controlling interest and their current or former officers, directors, agents, and attorneys; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (5) the legal representatives, successors or assigns of any such excluded persons. *Id*. at ¶ 1.33.

**B. <u>Monetary Relief</u>**

SNAI has agreed to pay $900,000.00 to create a non-reversionary Settlement Fund for the benefit of Settlement Class Members. Settlement Agreement ¶¶ 1.32, 1.35, and 2.1. Settlement Class Members who submit valid claims will receive a pro rata payment after the deduction of settlement-related costs, including Settlement Administration Expenses, any court-awarded attorneys' fees and expenses, and any court-awarded Service Award. *Id*. ¶¶ 1.12, 1.28, 1.30, and 2.1-2.2.

**C. <u>Business Practice Changes</u>**

SNAI also has agreed to continue ceasing its use of the Meta Pixel on any pages on the Scientific American Website that both include video content and have a URL that identifies the video content viewed, unless and until the VPPA is: (a) amended to expressly permit (and not prohibit) the Released Claims, (b) repealed, or (c) invalidated by a judicial decision on the use of website pixel technology by the United States Supreme Court or the Second Circuit Court of Appeals. Nothing about this provision prevents Defendant from seeking to obtain VPPA-compliant consent in the future should it wish to reinstitute use of the Meta Pixel. Likewise, nothing herein shall prohibit the use of the Meta Pixel where the disclosure of information does not identify specific video materials that a user has requested or obtained. *See id*. ¶ 2.6.

**D. <u>Release</u>**

In exchange for the relief described above, Plaintiff and the Settlement Class shall release all claims that have or could have been asserted against SNAI, relating to the facts, transactions,

or events alleged in this action. *See id*. ¶ 1.25 (Released Claims), ¶ 1.26 (Released Parties), and ¶¶ 4.1– 4.2 (Release).

### E. Notice

The proposed notice plan (the "Notice Plan") was designed to provide the "best notice practicable" to Settlement Class Members, and as such, satisfies Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice Plan includes dissemination of individual notice by email to all Settlement Class Members for whom a valid email address is available in the Class List. *Id*. ¶ 5.1.2. Twenty-one days after the Notice Date, the Administrator shall send a second reminder Notice, via email (substantially in the form as attached as Exhibit B with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), to all Settlement Class Members who have not yet filed a claim with the Administrator. *Id*. ¶ 5.1.3. If deemed necessary by Class Counsel in consultation with the Settlement Administrator or otherwise directed by this Court, the Parties agree to discuss additional notice and/or means of notice, including, but not limited to, sending a third reminder Notice via email, in the same form as the second reminder Notice, to all Settlement Class Members for whom a valid email address is available in the Class List and who have not yet filed a claim with the Administrator. *Id*. Additionally, Notice shall be provided on a case-specific settlement website that will include the ability to file Claim Forms online, and a toll-free telephone line with an interactive voice response ("IVR") system will be established to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Action. *Id*. ¶¶ 5.1.4-5.1.5.

### F. Attorneys' Fees, Litigation Expenses, and a Service Award

Class Counsel may separately move for an award of attorneys' fees of up to one-third of

the Settlement Fund and reimbursement of litigation expenses. Class Counsel may also request a service award of up to $25,000 for the Settlement Class Representative. *Id.* ¶¶ 6.1-6.5.

## IV. PROPOSED SCHEDULE OF EVENTS

Consistent with the provisions of the Settlement Agreement, Plaintiff respectfully proposes the following schedule for the various Settlement events:

| Event | Date |
|---|---|
| Deadline for Defendant to provide the Class List to the Settlement Administrator | 7 calendar days following entry of Preliminary Approval |
| Deadline for Settlement Website and IVR to go live | 21 calendar days following entry of Preliminary Approval |
| Deadline to commence Notice Program (the "Notice Date") | 21 calendar days following entry of Preliminary Approval |
| Deadline for applications for final approval, attorneys' fees and expenses and service awards | 30 calendar days following the Notice Date |
| Deadline for opt outs and objections to be postmarked | 45 calendar days following the Notice Date |
| Deadline for Parties to file papers in response to any timely and valid objections | 14 calendar days prior to Final Approval Hearing |
| Final Approval Hearing | At least 90 calendar days after Preliminary Approval |

## V. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 23(e)(1) provides that preliminary approval should be granted where "the parties show[] that the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *Id.* Rule 23(e)(2)—which governs final approval—requires courts to consider the following questions in determining whether a proposed settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

"In deciding whether the compromise is fair, reasonable, and adequate, the court must consider both the substantive terms of the settlement and whether the negotiating process by which the settlement was reached shows that the compromise is the result of arm's-length negotiations." *In re Synchrony Fin. Sec. Litig.*, No. 3:18-CV-1818-VAB, 2023 WL 4992933, at *3 (D. Conn. Aug. 4, 2023) (internal quotations omitted and cleaned up). In performing this analysis, courts in this Circuit supplement the Rule 23(e)(2) factors with the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). *See Soler v. Fresh Direct LLC*, 20 Civ. 3431, 2023 WL 2492977, at *2 n.3 (S.D.N.Y. Mar. 14, 2023) ("The advisory committee notes ... indicate that the ... Rule 23 factors were not intended to displace the *Grinnell* factors, but to focus courts on the core concerns of procedure and substance." (internal quotation marks omitted)). The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

Finally, courts in this Circuit recognize a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Reyes v. Summit Health Mgmt., LLC*, No. 22-CV-9916 (VSB), 2024 WL 472841, at *1 (S.D.N.Y. Feb. 6, 2024) (same); *see also* Herbert B. Newberg & William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2022) (hereinafter "Newberg") ("Settlement is generally favored because it represents a compromise reached between the parties to the suit and relieves them, as well as the judicial system, of the costs and burdens of further litigation.").

## VI. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A. The Settlement Is Procedurally Fair.

The Court must first consider whether "the class representatives and class counsel have adequately represented the class" and whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2) (A)–(B); *see also Grinnell*, 495 F.2d at 463 (overlapping with the third *Grinnell* factor, *i.e.* the stage of the proceedings and the amount of discovery completed). In assessing adequacy of representation, courts focus on whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Cordes & Co. Fin Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007).

Here, Plaintiff's interests are aligned with the interests of Settlement Class Members as all suffered the same alleged injury (the improper disclosure of personally identifiable information to Meta without consent via the Meta Pixel) and have the same interest in securing remedial and injunctive relief resulting in the cessation of the collection and possession of their personally identifiable information. Moreover, the monetary and remedial relief achieved through the

Settlement applies equally and uniformly to benefit all members of the Settlement Class. Thus, there is no conflict between Plaintiff and the members of the Settlement Class.

By similar token, Class Counsel have vigorously and adequately represented the Settlement Class. Class Counsel are highly qualified, have extensive experience and knowledge in prosecuting similar consumer class actions, particularly those involving privacy violations, including those under the VPPA. *See* Declaration of Allen Carney in Support of Preliminary Approval of Class Action Settlement ("Carney Decl.") at 3-5. Moreover, Class Counsel performed significant work in identifying, litigating, and settling the claims in this Action, including engaging in extensive factual investigation; drafting the complaint and motion to strike; opposing Defendant's motion to dismiss; engaging in informal discovery regarding the merits of Plaintiff's claim and class certification; and participating in a full-day mediation. *Id*. at 6-8. Accordingly, this factor weighs in favor of preliminary approval. *See, e.g., Clark v. City of New York*, No. 18 CIV. 2334 (AT), 2024 WL 1855668, at *1 (S.D.N.Y. Apr. 29, 2024); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214, 2011 WL 6268216, at *5 (S.D.N.Y. Dec. 13, 2011) (granting final approval where "Plaintiffs obtained sufficient discovery to weigh the strengths and weaknesses of their claims" and "[t]he parties' participation in a day-long mediation allowed them to further explore the claims and defenses").

In sum, Plaintiff's interests are aligned with the interests of Settlement Class Members. Class Counsel had the ability to, and did, thoroughly and effectively represent the interests of the Settlement Class throughout the adversarial litigation and the mediation process. As such, the Settlement satisfies Rule 23(e)(2)(A), as well as the third *Grinnell* factor, and is thus procedurally fair. *See In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 155 (S.D.N.Y. 2013) (settlement was

procedurally fair where negotiations were overseen by a neutral mediator and parties engaged in discovery beforehand); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (recognizing mediator's involvement in "settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure").

**B. The Settlement Is an Excellent Result for the Settlement Class, and Consideration of the Risks of Continued Litigation, the Effectiveness of Proposed Distribution Methods, the Anticipated Application for Attorneys' Fees, and the Lack of any Side Agreement Favor Preliminary Approval.**

Next, the Court must assess the Settlement's substantive fairness. Rule 23(e)(2)(C) enumerates four factors to be considered when assessing whether the relief provided to the Settlement Class is adequate: (i) "the costs, risks, and delay of trial and appeal," (ii) "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims," (iii) "the terms of any proposed award of attorney's fees, including timing of payment," and (iv) "any agreement required to be identified under Rule 23(e)(3)." *See also Grinnell*, 495 F.2d at 463 (overlapping with *Grinnell* factors one, four through six, eight, and nine).

Here, the Court can safely conclude this Settlement was negotiated at arm's length, without collusion, based on the terms of the Settlement itself, the adversarial nature of the negotiations, and the assistance of a neutral mediator.

1. <u>The Complexity, Expense, and Duration of Litigation Through Trial and Appeal.</u>

Rule 23(e)(2)(C)(i) first requires courts to consider "the costs, risks, and delay of trial and appeal." This inquiry overlaps with *Grinnell* factors one ("complexity, expense, and likely duration of the litigation") and four, five, and six (risks of establishing liability and damages and maintaining the class). *See Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No.

517CV359LEKATB, 2023 WL 3251421, at *4 (N.D.N.Y. May 3, 2023); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 36 (E.D.N.Y. 2019). The Court need not "decide the merits of the case," "resolve unsettled legal questions," or "foresee with absolute certainty the outcome." *Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-8405 (CM), 2015 WL 10847814, at *8 (S.D.N.Y. Sept. 9, 2015) (cleaned up). "[R]ather, the Court need only assess the risks of litigation against the certainty of recovery under the proposed settlement." *Id*. Courts recognize that "the complexity of Plaintiff's claims ipso facto creates uncertainty." *In re Currency Conversion Fee Antitrust Litig*., 263 F.R.D. 110, 123 (S.D.N.Y. 2009).

Continued litigation of this action would be "complex, expensive, and lengthy." *In re Namenda Direct Purchaser Antitrust Litig.*, 462 F. Supp. 3d 307, 312 (S.D.N.Y. 2020); *see also, e.g.*, *Stinson v. City of N.Y.*, 256 F. Supp. 3d 283, 289 (S.D.N.Y. 2017) (same); *Morris*, 859 F. Supp. 2d at 619. In the context of the VPPA, the risks of litigation increased in the wake of the Second Circuit's recent holdings in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d. Cir. 2025) and *Hughes v. National Football League*, No. 24-2656, 2025 WL 1720295 (2d. Cir. June 20, 2025).

Even absent the recent VPPA holdings, litigation inherently involves risks and uncertainty, which is especially true where, as here, proof of liability and damages turn on a "battle of the experts". *See In re Tenaris S.A. Sec. Litig.*, No. 18-CV-7059(KAM)(SJB), 2024 WL 1719632, at *8 (E.D.N.Y. Apr. 22, 2024) (recognizing expert discovery can "substantially increase costs to the settlement class and result in a costly 'battle of the experts' at trial"); *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ("Most class actions are inherently complex and

settlement avoids the costs, delays and multitude of other problems associated with them.").

In addition to a battle of the experts, Plaintiff faced the risks of certifying the class and maintaining class certification through trial and appeal. *Nichols v. Noom, Inc.*, No. 20-CV-3677 (KHP), 2022 WL 2705354, at *9 (S.D.N.Y. July 12, 2022) (stating the risk attendant to defending any decertification motion supported approval of the settlement). And class certification in VPPA cases is certainly no guarantee. C*ompare Martinez v. D2C LLC*, No. 23-21394-Civ-Scola, 2023 WL 6587308 (S.D. Fl. Oct. 10, 2023) (denying VPPA class certification on the basis of numerosity); with *Jancik v. WebMD LLC*, No. 1:22-CV-644-TWT, 2025 WL 560705 (N.D. Ga. Feb. 20, 2025) (granting class certification in VPPA action). These risks, coupled by a likely appeal of any certification ruling favorable to Plaintiff and/or a motion for decertification, promised further expense and delay.

Though Plaintiff believes in the merits of his case, by reaching a favorable settlement with the assistance of a neutral mediator, Plaintiff avoided significant expense and delay and the risks of trial and appeal and secured immediate benefits for the Settlement Class. Consideration of these factors sharply weigh in favor of preliminary approval. *See Hicks v. Morgan Stanley & Co.*, 2005 WL 2757792, at *6 (S.D.N.Y. Oct. 24, 2005) ("Further litigation would necessarily involve further costs; justice may be best served with a fair settlement today as opposed to an uncertain future settlement or trial of the action.").

2. <u>The Effectiveness of Proposed Distributions Methods and the Lack of an Agreement Required to Be Identified Under 23(e)(3).</u>

Rule 23(e)(2)(C)(ii) requires that the "proposed method of distributing relief to the class" be "effective," while Rule 23(e)(2)(C)(iv) requires identification of any agreement under Rule 23(e)(3).

Here, under the Settlement, payments to Settlement Class Members with approved claims will be made on a *pro rata* basis. Claim Forms shall be submitted to a third-party administrator for processing and approval. All Settlement Class Members will also benefit from the business practice changes. Thus, the proposed methods of distribution are fair and effective. Even without taking into account expected claim rates, based on the Settlement Class size of 32,468, the Settlement Fund of $900,000 equates to roughly $27.71 per Settlement Class Member before deduction of costs and fees. This is an excellent result, especially considering that the actual recovery for those that make claims will likely be much higher. *See In re Vizio, Inc., Consumer Priv. Litig.*, No. 8:16-ml-02693-JLS, 2019 WL 12966638, at *4 (C.D. Cal. July 31, 2019) (VPPA settlement providing $16.50 per claim); *Feldman v. Star Tribune Media Company LLC*, 0:22-CV-01731, slip opinion (June 17, 2024) ($2,900,000 VPPA settlement yielding per settlement class member recoveries of $9.67); *Sellers, et al. v. Bleacher Report, Inc*., 2024-003537-CA-01, slip opinion (August 8, 2024) (granting final approval to $4,800,000 VPPA settlement yielding per settlement class member recoveries of $1.78); *see also In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1117 (9th Cir. 2021) (affirming district court's finding that "injunctive relief, together with the indirect benefits conferred by the *cy pres* provisions, was fair, reasonable, and adequate compensation to the class members."). No funds from the Settlement will revert to Defendant. Settlement Agreement at ¶ 2.4. Additionally, there are no additional agreements outside of the Settlement Agreement that require identification under Rule 23(e)(3). Accordingly, consideration of Rule 23(e)(2)(C)(ii) and (iv) weigh in favor of preliminary approval.

3. <u>Class Counsel's Reasonable Fee Request Will Neither Impair nor Delay Relief to the Settlement Class.</u>

Under Rule 23(e)(2)(C)(iii), this Court is also to consider the "terms of any proposed award

of attorney's fees, including timing of payment." As discussed above and disclosed in the Class Notice (*see* Settlement Agreement at Exs. B and C), the Settlement permits Class Counsel to apply for a percentage of the common fund fee award. Class Counsel's request will not exceed one third of the common fund which is reasonable in light of the work performed and the results obtained and consistent with precedent in this district and the Second Circuit. *See, e.g.*, *Gonzalez v. Hanover Ventures Marketplace LLC*, No. 1:21-CV-01347, 2025 WL 1603941, at *3 (S.D.N.Y. June 6, 2025) (awarding attorneys' fees of one-third of the Settlement Fund, plus costs and expenses); *In re N. Dynasty Mins. Ltd. Sec. Litig.*, No. 20-CV-5917 (TAM), 2024 WL 308242, at *15 (E.D.N.Y. Jan. 26, 2024) (awarding attorneys' fees of one-third of the settlement fund, or $2,125,000, and stating such amount constitutes "a proportion routinely approved as reasonable"). Class Counsel will not receive any funds until the Court has entered an order addressing their fee request. Because the Settlement Agreement provides only the opportunity to seek a reasonable attorneys' fee without any effect on the relief to Plaintiff and the Settlement Class, this factor favors approval.

**C. The Settlement Treats Settlement Class Members Equitably.**

Finally, the Settlement treats members of the Settlement Class equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). As detailed above, each Settlement Class Member with an approved claim is eligible to receive a *pro rata* distribution. Thus, there is no preferential treatment for any Settlement Class Members and the proposed plan of allocation treats members equitably relative to one another. *See Broockmann v. Bank of Greene Cnty.*, No. 122CV00390AMNATB, 2023 WL 7019273, at *11 (N.D.N.Y. Oct. 25, 2023) (finding that the requirement that class members be treated equitably relative to each other was satisfied where each class member was to receive a "pro rata share" of the net settlement fund or forgiveness of certain

uncollected fees); *Christine Asia Co. v. Yun Ma*, No. 115MD02631CMSDA, 2019 WL 5257534, at *15 (S.D.N.Y. Oct. 16, 2019) (finding the settlement satisfied Rule 23(e)(2)(D) because under the proposed plan of allocation, "Authorized Claimants will receive their *pro rata* share of the Net Settlement Fund based on the amount of their Recognized Loss.").

### D. The Remaining *Grinnell* Factors Weigh in Favor of Preliminary Approval.

Under the seventh *Grinnell* factor, a court also considers "the ability of the defendants to withstand a greater judgment." *Grinnell*, 495 F.2d at 463. Courts do not require that a defendant "empty its coffers before a settlement can be found adequate." *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 191 (S.D.N.Y. 2012) (internal citation omitted). Rather, where, as here, "the other *Grinnell* factors weigh heavily in favor of settlement," a court "need not determine whether Defendants could have withstood a larger judgment, and may still approve the settlement agreement." *In re Synchrony Fin. Sec. Litig.*, No. 3:18-CV-1818-VAB, 2023 WL 4992933, at *9 (D. Conn. Aug. 4, 2023) (finding the seventh Grinnell factor "weighs in favor of approval."); *In re AOL Time Warner, Inc.*, 2006 WL 903236, at *12 (S.D.N.Y. Apr. 6, 2006) ("the mere ability to withstand a greater judgment does not suggest that the Settlement is unfair."). Thus, this *Grinnell* factor favors preliminary approval.

Lastly, while not an official *Grinnell* factor, courts may also look to the scope of the release. *See Payment Card*, 330 F.R.D. at 42 n.41. Here, the scope of the release is not overly broad as Settlement Class Members will release only those claims relating to the disclosure of Settlement Class Members' personally identifiable information and video viewing behavior to any third party. *See* Settlement Agreement at ¶ 1.25. Thus, the release is narrowly tailored and appropriate. *See Selby v. Principal Mut. Life Ins. Co.,* No. 98 CIV. 5283(RLC), 2003 WL 22772330, at *3

(S.D.N.Y. Nov. 21, 2003) (finding narrow release of class claims that allowed class members who believe they may have been injured by the alleged practice to pursue claims for monetary relief through individual or class suits weighed in favor or preliminary approval).

In sum, the applicable factors under Rule 23(e)(2) and *Grinnell* strongly support approval. This Court should therefore find that it is likely to approve the Settlement.

## VII. THE COURT SHOULD CONDITIONALLY CERTIFY THE SETTLEMENT CLASS.

In order to proceed with the preliminary approval process, it is necessary for the Court to preliminarily certify a class for purposes of the Settlement. Rule 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and the action qualifies under one of the subdivisions of Rule 23(b). Rule 23(a) provides:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, Rule 23(b) provides, in relevant part, that a class action may be maintained if:

> (b)(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

As set forth below, all of the requirements of Rule 23 are met in this case, justifying preliminary certification of the proposed Settlement Class for settlement purposes only.

### A. <u>The Settlement Class Is Sufficiently Numerous.</u>

The Settlement Class satisfies Rule 23(a)(1) because it is "so numerous that joinder of all members is impractical." The Second Circuit has held that numerosity "is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Here, the Settlement Class surpasses the threshold requirement to establish numerosity. As the Settlement Agreement indicates, the Settlement Class consists of approximately 32,468 individuals. Settlement Agreement ¶ 1.32. Accordingly, the Settlement Class is sufficiently numerous.

1. <u>There Are Common Issues of Law or Fact Common to the Settlement Class.</u>

To certify the Settlement Class, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement is satisfied if the named plaintiffs share at least one question of fact or law in common with the purported class." *Shapiro v. JPMorgan Chase & Co.*, 2014 U.S. Dist. LEXIS 37872, at *51-52 (S.D.N.Y. Mar. 21, 2014). "Commonality is satisfied where Plaintiff's and Class members' claims "depend upon a common contention" "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of [each claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). For purposes of Rule 23(a)(2), "even a single common question will do." *Id.*

This Action presents numerous common questions of both law and fact that can be resolved on a class-wide basis. Common questions include but are not limited to: (i) whether Defendant knowingly disclosed Plaintiff's and Settlement Class Members' personally identifiable information; and (2) whether Defendant's conduct violates the VPPA. Accordingly, Rule 23(a)(2)

is satisfied.

2. Plaintiff's Claims Are Typical of the Claims of the Settlement Class.

The "typicality" prerequisite of Rule 23(a)(3) requires that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

Here, Defendant engaged in the same conduct, which Plaintiff alleges violates the VPPA, as to the Plaintiff and all potential Settlement Class Members. Thus, Plaintiff's claims arise from the same set of facts and the same theory of liability as the claims of the potential Settlement Class Members. Rule 23(a)(3) is therefore satisfied.

**B. Plaintiff and Class Counsel Will Fairly and Adequately Represent the Interests of the Settlement Class.**

The requirement of Rule 23(a)(4) "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods. v. Windsor,* 521 U.S. 591, 594 (1997); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig*., 574 F.3d 29, 35 (2d Cir. 2009).

Here, as set forth above, Plaintiff and the Settlement Class desire the same outcome of this litigation, namely to cease the practices of Defendant which Plaintiff deems unlawful and retrieve the largest possible monetary recovery from the Defendant. Thus, Plaintiff believes his claims coincide identically with the claims of the Settlement Class. Additionally, because of this, Plaintiff has vigorously prosecuted this case for the benefit of all members of the Settlement Class. Further, there is no conflict or any antagonism between Plaintiff and the Settlement Class. Consequently, Plaintiff has satisfied the adequacy requirement.

Moreover, Plaintiff has retained counsel with significant expertise in complex civil litigation. More specifically, Class Counsel is a nationally recognized law firm within the field of complex class action litigation, also having experience in federal and state consumer protection context and representing clients on wide-ranging related matters, including VPPA claims. *See* Carney Decl. at ¶¶ 3-5 and Ex. A. Class Counsel is well-capitalized, allowing them to dedicate considerable resources to the fullest extent necessary to achieve the best possible result for class members. *Id*. at 5. And, as set forth above, Class Counsel have particular expertise in VPPA class action litigation that aided them in resolving this case efficiently for significant value. *Id.* at 3. Thus, Class Counsel are unquestionably qualified to undertake this litigation.

**C. The Questions of Law and Fact in this Action Predominate over any Individual Issues, and a Class Action Is the Superior and Most Efficient Means to Adjudicate the Claims.**

Certification is appropriate under Rule 23(b)(3) when common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. *Amchem Prods. v. Windsor,* 521 U.S. 591, 591-94 (1997). These requirements are satisfied in this case.

1. Common Questions of Law and Fact Predominate.

In analyzing the predominance factor, the United States Supreme Court has defined this inquiry as establishing "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 622. This is satisfied where "substantial elements of each claim may be established by generalized, rather than individualized, proof." *UFCW Loc. 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010) (cleaned up). In the settlement context, "the predominance inquiry will sometimes be easier to satisfy" because settlement eliminates

manageability problems related to trial. *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 240 (2d Cir. 2012). As further discussed by the court in *In re Am. Int'l Grp., Inc. Sec. Litig.*:

> '[S]ome inquiries essential to litigation class certification are no longer problematic in the settlement context. A key question in a litigation class action is manageability – how the case will or can be tried, and whether there are questions of fact or law that are capable of common proof. But the settlement class presents no management problems because the case will not be tried. Conversely, other inquiries assume heightened importance and heightened scrutiny because of the danger of conflicts of interest, collusion, and unfair allocation.'

*Id*. at 239 (quoting *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 335 (3d Cir. 2011)).

Here, Plaintiff alleges a common course of conduct whereby Defendant knowingly disclosed Settlement Class Members' personally identifiable information. This is the overarching issue in this Action that can be resolved identically for all members of the Settlement Class. *See In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 926 (N.D. Ill. 2022), *appeal dismissed sub nom. In re TikTok Inc., Consumer Priv. Litig.*, No. 22-2682, 2022 WL 19079999 (7th Cir. Oct. 12, 2022) (finding predominance satisfied where class members alleges that they were all subjected to uniform data- and information-harvesting practices as a result of their use of defendant's app.). Thus, critical case-dispositive issues, which arise from Defendant's common course of conduct, predominate over any individual issues and make certification of the Settlement Class appropriate.

2. A Class Action Is the Superior Method of Adjudicating This Case.

The second prong of Rule 23(b) is satisfied by the proposed Settlement. As explained in *Amchem,* "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; *In re Am.*

*Int'l Grp., Inc. Sec. Litig,* 689 F.3d at 239 (same). Thus, any manageability problems that may have existed in this case are eliminated by the proposed Settlement.

Because Rule 23(a) and 23(b)(3) are satisfied, the Court should provisionally certify the proposed Settlement Class for purposes of settlement and the issuance of notice.

## VIII. THE NOTICE PROGRAM IS ADEQUATE AND FULFILLS ALL REQUIREMENTS OF RULE 23 AND DUE PROCESS.

"When a class settlement is proposed, the court 'must direct to class members the best notice that is practicable under the circumstances.'" *Vargas v. Capital One Fin. Advisors*, 559 F. App'x 22, 26 (2d Cir. 2014) (summary order) (citing Fed. R. Civ. P. 23(c)(2)(B), (e)(1)). The notice must include: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who request exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Visa*, 396 F.3d at 114. "Class notice need only describe the terms of the settlement generally, which is a minimal requirement." *George v. Shamrock Saloon II, LLC*, 2021 WL 3188314, at *7 (S.D.N.Y. July 28, 2021).

Here, the Notices meet all the requirements of Rule 23(c)(2)(B) by advising Settlement Class Members of the claims involved in the case; the essential terms of the Settlement, including the definition of the Settlement Class and the monetary and non-monetary relief; the rights of

Settlement Class Members to participate in the Settlement by filing a Claim Form, to request exclusion from the Settlement Class or to object to the Settlement, and specifics on the dates for exercising these rights; the requirements for opting out, for objecting, and for making an appearance at the Final Approval Hearing; and the time and place of the Final Approval Hearing. Thus, the Notices provide the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement. The Notices also contain information regarding the anticipated amount of Class Counsel's requests for attorneys' fees and litigation expenses, and a Service Award for the Settlement Class Representative.

Moreover, the proposed Settlement requires Plaintiff to notify Settlement Class Members of the proposed Settlement by emailing the Notice to those Settlement Class Members for whom an email address is available in Defendant's records and was made available as part of the Class List. Thus, Settlement Class Members have been identified from Defendant's internal records and shall receive individual notice.

In addition to the emailed Notices, a Settlement Website will be established, which will provide access to the Notice, as well as other key documents related to the Settlement, including the Settlement Agreement, the Court's Preliminary Approval Order, and Class Counsel's application for attorneys' fees, litigation expenses, and a Service Award.

Accordingly, the form and manner of notice proposed here fulfills all of the requirements of Rule 23 and due process. *See In re Synchrony Fin. Sec. Litig.*, No. 3:18-CV-1818-VAB, 2023 WL 4992933, at *5 (D. Conn. Aug. 4, 2023) (finding notice program that included direct notice and publication notice "satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provided the best notice practicable under the circumstances.");

*see also Christine Asia Co. v. Yun Ma*, No. 115MD02631CMSDA, 2019 WL 5257534, at *16 (S.D.N.Y. Oct. 16, 2019) (finding "the combination of Notice Packets sent individually by first-class mail and/or e-mail to those Class Members who could be identified with reasonable effort, combined with the print and Internet-based publication of Settlement documents was the best notice ... practicable under the circumstances.'").

## IX. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court enter an order: (1) find it will likely (a) approve the Settlement and (b) certify the Settlement Class for purposes of judgment on the proposed Settlement; (2) appoint Plaintiff Mark Lee as Class Representative for the Settlement Class; (3) appoint Carney Bates & Pulliam PLLC as Class Counsel; (4) direct notice to the Settlement Class and approve the form and manner thereof; (5) set a schedule for final approval of the Settlement and Plaintiff's request for attorneys' fees and expenses; (6) approve the proposed schedule of events; and (7) schedule a Final Approval Hearing. A proposed order granting this relief is attached as Exhibit E to the Settlement Agreement and will be submitted in Word format to chambers via email.

Dated: June 27, 2025

Respectfully submitted,

*/s/ Allen Carney*

Samuel R. Jackson (5332325)
James Allen Carney (admitted *pro hac vice*)
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: sjackson@cbplaw.com
Email: acarney@cbplaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2025, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic mail notice to all counsel of record.

*/s/ Allen Carney*
Allen Carney