**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK LEE, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

SPRINGER NATURE AMERICA, INC.,

Defendant.

Case No. 1:24-CV-04493-LJL

Hon. Lewis J. Liman

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## I. INTRODUCTION

On June 27, 2025, Plaintiff Mark Lee ("Plaintiff" or "Settlement Class Representative") filed an Unopposed Motion for Preliminary Approval of Class Action Settlement, along with a supporting memorandum of law and the Declaration of Allen Carney in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. *See* ECF Nos. 39-41. On June 30, 2025, this Court entered an order requesting further briefing addressing the following four issues: (1) legal authority for the requirements set forth in paragraph 5.3 of the Class Action Settlement Agreement; (2) the identity and qualifications of the proposed settlement administrator as well as the budget for the settlement administrator, including whether the Preliminary Approval Order should contain a cap Settlement Administration Expenses; (3) authority and argument for the quick-pay provision in paragraph 6.2 of the Class Action Settlement Agreement; and (4) whether the short form notice should inform proposed class members of the class action release and contain an explicit statement that objections may be made pro se and may be made to the terms of the settlement, the award of attorney's fees, or the success fee. ECF No. 42. In accord with the Court's order, Plaintiff and Class Counsel respectfully submit this supplemental memorandum of law in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement to address the foregoing topics.

In short, and as detailed herein, Plaintiff and Class Counsel believe (1) the provisions in Paragraph 5.3 requiring an objector to disclose prior objections for which the objector or objector's counsel received payment are consistent with Rule 23 and applicable caselaw designed to reduce abuses by serial objectors; (2) the proposed Settlement Administrator is well-qualified, and the estimate for notice and administration costs not to exceed $30,000 is reasonable; (3) although the

quick-pay provision is an effective tool to deter meritless objections and professional objectors, Class counsel will not seek payment until thirty-one (31) days following the Effective Date; and (4) the proposed additions to the Email Notice provide further clarity regarding the release and Settlement Class Members' rights to object pro se or through an attorney and to object to any aspect of the Settlement. Consequently, Plaintiff respectfully requests the Court grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, with the amendments to the Email Notice as described herein.

## II. LEGAL ANALYSIS

### A. Legal Authority Supporting the Objection Procedures Set Forth in Paragraphs 5.2 and 5.3 of the Settlement Agreement.

Paragraph 5.2 of the Settlement Agreement requires any class member who wishes to object to the Settlement to file a written objection that: (1) supplies basic contact information; (2) articulates the basis upon which the objector claims to be a Settlement Class Member; (3) articulates the grounds for the objection; (4) discloses the identity of any counsel or other person assisting the objector; (5) states an intent to appear (if any); and (6) includes a signature. In addition, Paragraph 5.3 of the Settlement Agreement provides that if a Settlement Class Member, or his or her counsel, asked for or received any payment in exchange for dismissal of a prior objection, or any related appeal, then the objection must include a statement identifying each such case and the amount of payment received. These provisions are routinely approved.

As amended effective December 1, 2018, Federal Rule of Civil Procedure 23(e)(5) provides as follows:

> (A) *In General*. Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state

> with specificity the grounds for the objection.
> (B) *Court Approval Required for Payment in Connection with an Objection*. Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with:
>> (i) forgoing or withdrawing an objection, or
>> (ii) forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal.

This language was added to Rule 23 to address the growing concern on the effect that unmeritorious objections and "professional objectors" were having on the settlement approval process. *See Junge v. Geron Corp.*, No. C 20-00547 WHA, 2023 WL 2940048, at *1 (N.D. Cal. Apr. 13, 2023) (noting one objector sent class counsel a letter stating "[s]ettle with me for $10,000 and not a penny more or a penny less to remove me and only me from the equation of the case."); *Snell v. Allianz Life Ins. Co. of N. Am.*, No. 97-cv-2786, 2000 WL 1336640, at *9 (D. Minn. Sep. 8, 2000) (referring to "professional objectors" as "a pariah to the functionality of class action lawsuits...."); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, 643 F. Supp. 2d 1107, 1108 (D. Minn. 2009) (stating "[t]he remoras are loose again," with the Court "emphatically" denying their objections).

Recognizing the disorder that unmeritorious objections and professional objectors can have on the settlement approval process, courts have interpreted this rule to permit reasonable procedural requirements that (i) facilitate meaningful consideration of objections, (ii) deter frivolous objections, (iii) uncover potential conflicts, and (iv) provide essential information for counsel to prepare for the final fairness hearing. *See, e.g.*, *In re Honest Marketing Litigation*, No. 16-cv-01125, 2017 WL 8780329 at *2 (S.D.N.Y. Dec. 8. 2017) (determining that an objection lacked merit because the objector was a serial professional objector which raised serious concerns about the legitimacy of their argument and their motives); *Exum v. Nat'l Tire & Battery,* No. 9:19-

CV-80121, 2020 WL 5217060, at *5 (S.D. Fla. Sept. 1, 2020) (summarily rejecting objection and stating "[t]he fact that the objections are asserted by a serial or 'professional' objector, however, may be relevant in determining the weight to accord the objection, as an objection carries more credibility if asserted to benefit the class and not merely to enrich the objector or her attorney."); *In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094 (D. Kan. 2018) (holding the fact that objections to a class action settlement are asserted by a serial or professional objector and/or money was promised to the class member by the objecting attorney may be relevant in determining the weight to accord the objection).

Indeed, as explained by one court:

> Some objections, however, are made for improper purposes, and benefit only the objectors and their attorneys (*e.g.*, by seeking additional compensation to withdraw even ill-founded objections). An objection, even of little merit, can be costly and significantly delay implementation of a class settlement. Even a weak objection may have more influence than its merits justify in light of the inherent difficulties that surround review and approval of a class settlement. Objections may be motivated by self-interest rather than a desire to win significant improvements in the class settlement. A challenge for the judge is to distinguish between meritorious objections and those advanced for improper purposes.

*In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *41 (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part and remanded*, 999 F.3d 1247 (11th Cir. 2021) (quoting *Manual* § 21.643).

Accordingly, the provisions in Paragraph 5.3 requiring an objector to disclose prior objections for which the objector or objector's counsel received payment are firmly grounded in Rule 23, consistent with applicable caselaw, and should be approved.

B. <u>The Proposed Settlement Administrator is a Qualified Settlement Administrator With the Technical Capacity to Administer the Settlement and Ensure Regulatory Compliance</u>.

The Parties have selected and seek approval of Simpluris, Inc. ("Simpluris") as Settlement Administrator. As detailed in the Declaration of Jacob Kamenir in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Kamenir Declaration"), Simpluris has been administering class action settlements for over fifteen years, in which time it has been appointed in over 10,000 cases and distributed over $10 billion in funds, including notable settlements such as *In re: Equifax, Inc., Customer Data Security Breach*, Case No. 1:17-md-2800 (N.D. Ga.) and *In re: Premera Blue Cross Customer Data Security Breach*, Case No. 3:15-md-2633 (D. Or.). *See id*. at ¶ 4. Thus, Simpluris is well experienced in settlement administration.

Simpluris also has the technical capacity to perform all necessary administrative tasks, while ensuring the protection of Settlement Class Member's information. It maintains robust data and cybersecurity practices, controls, and procedures, which includes an in-house administration system, Cadence, that was designed specifically to provide the highest level of data privacy and anti-intrusion security. *See id.* at ¶ 6. Simpluris has a highly experienced IT team that monitors, tests, and constantly upgrades its' systems, and systemwide security is overseen directly by its' CTO. *Id*. Additionally, Simpluris provides HIPAA training to all employees and adheres to SOC 2 Type II, ISO 27001, and PCI-DSS standards, ensuring secure handling of all personally identifiable information. *See id*. at ¶¶ 5-8. Simpluris also affirms that all data provided to it for purposes of notice, claims processing, and administration will be used solely for settlement implementation and for no other purpose. *See id*. at ¶ 9.

Based on the known class size of approximately 32,468, Simpluris has provided a good-faith estimate of $24,877 in costs for notice and settlement administration, which includes the following tasks: data intake, deduplication, and formatting; two rounds of email notice; CAFA

notice; creating a digital media notice plan; creation and hosting of the Settlement Website and online claim portal; toll-free IVR setup and maintenance; claims processing; distribution of the settlement proceeds; and final reporting, tax returns, and wind down. *See id*. at ¶¶ 10-11. Simpluris has agreed to perform all work on a not-to-exceed basis of $30,000, absent further order of the Court. *See id.* at ¶ 10. The $30,000 figure modestly exceeds the $24,877 estimate, providing a small contingency cushion for such things as a third email notice. *Id*. Plaintiff and Class Counsel believe the $30,000 for costs for notice and settlement administration, which amounts to less than 4% of the Settlement Fund, is reasonable. Should the Court prefer to include an express cap in the Preliminary Approval Order, Plaintiff respectfully requests the cap be set at the not-to-exceed basis of $30,000.

C. The Payment Provision in Paragraph 6.2 of the Settlement Agreement Does Not Harm Class Members and Aligns With Prevailing Standards; But Plaintiffs Will Refrain From Requesting Payment From Administrator Until After The Effective Date.

The Settlement Agreement provides that the Defendant shall pay into the Escrow Account portions of the Settlement Amount to pay for Settlement Administration Expenses, any court-awarded attorneys' fees and expenses, and any court-awarded Service Award within ten (10) business days of receiving notice of an order awarding such fees or expenses or from the Settlement Administrator and/or Class Counsel of any Settlement Administration Expenses. ECF No. 40-1 (Settlement Agreement) at ¶ 2.1. Paragraph 6.2 of the Settlement Agreement permits payment of any Fee Award five (5) days after funding by Defendant, sometimes referred to as a "quick-pay provision." Thus, under the quick-pay provision, Class Counsel is permitted to receive any awarded attorneys' fees and expenses before distribution to authorized claims, but only after entry of an order finally approving the proposed Settlement or fee award. *See* ECF No. 40-1 (Settlement

Agreement) at ¶¶ 2.1 and 6.2.

As a practical matter, Class Counsel has no intention of implementing the right afforded under the quick-pay provision and will refrain from seeking recovery of awarded fees until thirty-one (31) days following the Effective Date defined in paragraph 1.10 of the Settlement Agreement. As discussed below, the provision was included in the Settlement Agreement with the purpose of deterring meritless objections and professional objectors, which prolong distribution of the settlement proceeds, subjects the Court to motion practice that waste judicial resources, and needlessly delays the closure and certainty sought through settlement for self-serving purposes.

In light of such concerns, courts routinely approve quick-pay provisions, recognizing that such provisions do not diminish class recovery because fees are paid from the common fund regardless of timing, any reversion risk is eliminated by the non-reversionary structure of the Settlement, and such provisions deter professional objectors. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 952 F.3d 471, 487 (4th Cir. 2020) (stating "we observe that quick-pay provisions have generally been approved by other federal courts" and overruling objection to quick-pay provision); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2020 WL 4212811, at *40 (N.D. Cal. July 22, 2020), *aff'd*, No. 20-16633, 2022 WL 2304236 (9th Cir. June 27, 2022) ("Quick-pay provisions help prevent gamesmanship [from objectors], and the Court finds such a provision appropriate in the instant case."); *Pelzer v. Vassalle*, 655 F. App'x 352, 365 (6th Cir. 2016) ("The quick-pay provision does not harm the class members in any discernible way, as the size of the settlement fund available to the class will be the same regardless of when the attorneys get paid.").

Indeed, in *The End of Objector Blackmail?*, Professor Brian T. Fitzpatrick reported that

over one-third of federal class action settlement agreements in 2006 included quick-pay provisions, while noting that quick-pay provisions provide benefits to class members, including discouraging unmeritorious objectors and accelerating settlement payments to class members. 62 Vand. L. Rev. 1623, 1643 and 1647 (2009); *see also In re Whirlpool Corp. Front-loading Washer Prod. Liab. Litig.*, 2016 WL 5338012, at *21 (N.D. Ohio Sept. 23, 2016) ("Far from serving as proof that Class Counsel in this case somehow pursued their own interests at the expense of the class, the quick-pay clause serves the socially-useful purpose of deterring serial objectors.").

Furthermore, although quick-pay provisions have been identified as a disincentive for plaintiffs' counsel to seek the best result for absent class members in certain circumstances, such concerns are not present here. *See Hernandez v. Between the Bread 55th Inc.*, 496 F.Supp.3d 791, 806-809 (S.D.N.Y. 2020) (discussing quick-pay provisions in light of risks to absent class members including financial distress of the defendant, payment of the settlement fund in installments, and the right of plaintiffs' counsel to retain $100,000 from the fund in the circumstance of non-payment). Here, the Settlement Agreement requires Settlement Administration Expenses, any court-awarded attorneys' fees and expenses, and any court-awarded Service Award to be paid into the Settlement Fund within ten (10) business days of an order awarding such fees. However, the Settlement Agreement only permits the Settlement Administration Expenses and the attorneys' fees to be paid before the Settlement Fund is fully funded. Settlement Agreement ¶ 2.1 and 6.2. The remainder of the Fund shall be paid within ten (10) business days of the Effective Date, with the Service Award and payments to class members to follow. Unlike *Hernandez*, there is no evidence that Defendant lacks the ability to pay, and the Settlement Agreement provides no ability for Class Counsel to retain any funds from this

Settlement if the Effective Date does not materialize.

Class Counsel is fully committed to resolution of this case in the best interests of the Class through its full conclusion, and, as stated above, will refrain from seeking payment of any court-awarded attorneys' fees until thirty-one days following the Effective Date.

D. The Email Notice Provides All Requisite Information Under Rule 23(c)(2)(B).

As set forth above, Rule 23(c)(2)(B) obligates notice to Settlement Class Members to convey, "in plain, easily understood language," seven specified items, including, among others, "the claims, issues, or defenses" and "the binding effect of a class judgment." *See id*. It does not mandate verbatim recitation of the release. Instead, courts approve concise, lay-friendly summaries that direct recipients to the long-form notice and settlement website for complete terms. *See George v. Shamrock Saloon II, LLC*, No. 17-cv-6663, 2021 WL 3188314, at *7 (S.D.N.Y. July 28 2021) ("Class notice need only describe the terms of the settlement generally."); *Hernandez v. Between the Bread 55th Inc.*, No. 17-CV-09541, 2020 WL 7493202, at *4 (S.D.N.Y. Dec. 21, 2020) (same).

Here, the email notice "fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about

how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement." *See Hernandez*, 2020 WL 7493202, at *4. As such, it satisfies the requirements of Rule 23(c).

To avoid spam filters and bounce-backs, it is advised that the email notice should remain under 2 pages. *See* Kamenir Decl. at ¶ 16. To ensure maximum clarity and in response to the Court's inquiry, Plaintiff proposes the following single-sentence additions without exceeding two pages:

- *After describing the relief in the paragraph entitled "What Can I Get":* "If the Settlement is approved, Settlement Class Members will release their claims as explained in full at the Settlement Website."
- *In the paragraph entitled "What Are My Other Options":* "You may object on your own (pro se) or through a lawyer, and you may object to (i) the terms of the Settlement, (ii) the request for attorneys' fees and expenses, and/or (iii) the proposed service award."

In addition to the foregoing changes, and to clarify the disclaimer at the bottom of the notices--which is meant to further direct Settlement Class Members to contact the Settlement Administrator or Class Counsel and to prevent an influx of calls to the Court, the Clerk's office, and Defendant's Counsel--Plaintiff further propose changing to word "contact" to "call," so the disclaimer would read as follows:

> **PLEASE DO NOT CALL THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL TO ASK QUESTIONS ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION. YOU SHOULD ONLY CONTACT THE COURT THROUGH A TIMELY-FILED OBJECTION OR MOTION TO INTERVENE.**

These additions fit within the allotted length, satisfy due-process requirements, and eliminate any doubt that Settlement Class Members understand both the scope of the release and

their right to object pro se to any aspect of the Settlement.

E. Proposed Schedule of Events.

In its order, the Court further asked Plaintiff to submit a proposed date for the final settlement approval hearing on the assumption that the Court approves the Settlement by July 14, 2025, with dates for objections and for requests for exclusion. Consistent with the Court's order and the provisions of the Settlement Agreement, Plaintiff respectfully proposes the following schedule for the various Settlement events:

| Event | Date |
|---|---|
| Deadline for Settlement Website and IVR to go live | **August 4, 2025** (21 calendar days following entry of Preliminary Approval on July 14, 2025) |
| Deadline to commence Notice Program (the "Notice Date") | **August 4, 2025** (21 calendar days following entry of Preliminary Approval on July 14, 2025) |
| Deadline for applications for final approval, attorneys' fees and expenses and service awards | **September 3, 2025** (30 calendar days following the Notice Date) |
| Deadline for opt outs and objections to be postmarked | **September 18, 2025** (45 calendar days following the Notice Date) |
| Deadline for Parties to file papers in response to any timely and valid objections | **September 29, 2025** (14 calendar days prior to Final Approval Hearing) |
| Final Approval Hearing | **October 13, 2025** (more than 90 calendar days after Preliminary Approval) |

## III. CONCLUSION

For the foregoing reasons and those in Plaintiff's opening motion and memorandum of law, Plaintiff and Class Counsel believe (1) the provisions in Paragraph 5.3 requiring an objector to disclose prior objections for which the objector or objector's counsel received payment are firmly grounded in Rule 23 and consistent with applicable caselaw; (2) the proposed Settlement Administrator is well-qualified and the estimate for notice and administration costs not to exceed

$30,000 is reasonable; (3) notwithstanding policy grounds for the "quick-pay" provision, Class Counsel will not seek payment of any Court-awarded attorneys' fees until thirty-one (31) days following the Effective Date; and (4) the proposed additions to the Email Notice provide further clarity regarding the release and Settlement Class Members' rights to object pro se or through an attorney and to object to any aspect of the Settlement. Accordingly, Plaintiff respectfully requests the Court enter an order: (1) find it will likely (a) approve the Settlement and (b) certify the Settlement Class for purposes of judgment on the proposed Settlement; (2) appoint Plaintiff Mark Lee as Class Representative for the Settlement Class; (3) appoint Carney Bates & Pulliam PLLC as Class Counsel; (4) approve Simpluris as the Settlement Administrator, direct notice to the Settlement Class and approve the form and manner thereof; (5) set a schedule for final approval of the Settlement and Plaintiff's request for attorneys' fees and expenses; (6) approve the proposed schedule of events; and (7) schedule a Final Approval Hearing. A proposed order granting this relief is attached as Exhibit E to the Settlement Agreement and has been submitted in Word format to chambers via email.

Dated: July 7, 2025

Respectfully submitted,

*/s/ Samuel R. Jackson*

Samuel R. Jackson (5332325)
James Allen Carney (admitted *pro hac vice*)
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: sjackson@cbplaw.com
Email: acarney@cbplaw.com

*Attorneys for Plaintiff*