USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/08/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK LEE, *on behalf of himself and all others similarly situated*,

Plaintiff,

-v-

SPRINGER NATURE AMERICA, INC.

Defendant.

24-cv-4493 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Section 5.2 of the parties' proposed settlement agreement requires any objector to provide contact information of the objector and any counsel, an explanation of the basis on which the objector claims to be a settlement class member, and an explanation of the grounds for the objection. Dkt. No. 40-1 § 5.2. Section 5.3 of the proposed settlement agreement requires any objector to provide information regarding any previous settlement in which the objector or counsel asked for or received payment in exchange for dismissal of an objection. *Id.* § 5.3. After consideration of the supplemental briefing at Dkt. No. 43, the Court will not preliminarily approve Section 5.3 of the Settlement Agreement.

The Court recognizes that some objectors may "file objections and appeals in a bad-faith attempt to line their own pockets, single-handedly holding up distribution of class funds until the class is cornered into paying them to dismiss their frivolous appeals." *In re Petrobras Sec. Litig.*, 363 F. Supp. 3d 426, 428 (S.D.N.Y. 2019). Nevertheless, "it is well settled that objectors have a valuable and important role to play in preventing collusive or otherwise unfavorable settlements." *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974). The Court must "strike a

balance between protecting class interests by preserving the role of legitimate objectors and protecting the class from a second victimization by unscrupulous, extortionate objectors." *In re Petrobras*, 363 F. Supp. 3d at 428.

This balance is appropriately struck by combining the requirements in paragraph 5.2 of the settlement agreement with the Court's power to order further discovery into objectors as necessary. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) (ordering objectors to respond to specific questions "to determine if any of the Objectors' counsel have a pattern or practice of objecting to class action settlements for the purpose of securing a settlement from class counsel" after arguments were made that objections were in bad faith). The blanket requirement in Section 5.3 that all objectors provide information on past objections for which they received payment is unwarranted. The mere fact that an objector has previously objected to a settlement and received a payment would not necessarily make an objection here improper. Such objection may be made in good faith and point out legitimate issues with the settlement while also benefitting the objector. If there is reason to suspect an objection is improper, the Court may order further investigation at that time.

Having reviewed the settlement agreement and briefing, the Court is otherwise prepared to preliminarily approve the terms of the settlement agreement. The parties shall inform the Court by July 10, 2025, whether they consent to preliminary approval of the settlement agreement with Section 5.3 omitted. If the parties so consent or, alternatively, propose modifications to the agreement, they shall resubmit a proposed settlement agreement, notice, and order.

SO ORDERED.

Dated: July 8, 2025
New York, New York

LEWIS J. LIMAN

United States District Judge