UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SPRINGER NATURE AMERICA, INC.,<br><br>Defendant. | Case No. 1:24-CV-04493-LJL<br><br>Hon. Lewis J. Liman |

**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARD**

On or about August 29, 2025, Plaintiff Mark Lee ("Plaintiff") filed (i) Plaintiff's Motion for Final Approval of Class Action Settlement, along with a supporting memorandum (*see* Dkt. Nos. 49-50), and (ii) Plaintiff's Motion for Award of Attorneys' Fees, Litigation Expenses, and Service Award, along with a supporting memorandum (*see* Dkt. Nos. 51-52, collectively "Plaintiff's Motions"). Therein, Plaintiff reported that (i) the court-approved notice plan had been implemented in accordance with the Preliminary Approval Order and the Settlement Agreement (*see also* Dkt. No. 54 (Declaration of Settlement Administrator Simpluris, Inc. Regarding Notice and Administration ("Simpluris Declaration I")) at ¶¶ 6-14); and (ii) as of August 29, 2025, no one had objected to the Settlement, attorneys' fees, litigation expenses, or Service Award, and no one had requested to be excluded from the Settlement (*id*. at ¶¶ 16-19).

The deadline for objecting and requesting exclusion, which was September 14, 2025, has now passed. The Settlement Administrator received zero valid requests for exclusion. *See* Supplemental Declaration of Settlement Administrator Simpluris, Inc. Regarding Notice and

Administration ("Simpluris Declaration II") at ¶ 9. Additionally, only one objection was filed with the Court. *See* Dkt. No. 55.

The single objection was filed by Mr. Kirk Becker. Mr. Becker's objection raises the following issues: (1) his preference that he and the class members receive free subscriptions rather than monetary relief because a monetary settlement might "degrade" a website he values; (2) his belief that the Meta Pixel is not inherently unlawful, urging a deeper merits analysis before final approval is granted; (3) his belief that the VPPA is an "accident of history and a quirk of law" and that the Court should "rule on the issues in this case prior to settlement;" and (4) a request for "compensation of $1 or more as deemed appropriate by the Court for his participation in this case." *See id.*

Mr. Becker's objection does not challenge the adequacy of the consideration, the efficacy of the notice plan, the administration process (including the claims process), nor the requested attorneys' fees, litigation expenses, and service award. Rather, Mr. Becker's objection only concerns the terms of the Settlement to the extent he disagrees with the form of the relief provided, and it otherwise argues in general terms that use of the Meta Pixel is not inherently objectional and the cause of action under the VPPA should not justify a settlement. These arguments, however, fall outside the scope of the Court's review at final approval. None weigh against the adequacy or fairness of the Settlement, nor do they provide a basis to deny final approval.

Mr. Becker's objection to the Settlement terms concerning the form of relief provided to the Class members does not support denying final approval. When considering whether to grant final approval to a Settlement, the Court's role is to act as the gatekeeper, examining the fairness and adequacy of the Settlement presented by the parties and protecting Settlement Class Members from unfair settlements. Stated another way, it is not the role of the Court to rewrite the terms of

the negotiated Settlement by imposing alternative terms that neither party agreed to. *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 176 (W.D.N.Y. 2011) (counseling that when deciding whether a settlement should be approved, the reviewing court should not "delete, modify, or substitute certain provisions" of the settlement, but rather assess the adequacy of the terms as proposed). Thus, Mr. Becker's preference for free subscriptions based upon a hypothetical assumption that the Settlement's monetary relief **might** have an adverse effect on Defendants' website does not support a finding that the Settlement benefits are unfair.[1] Mr. Becker has presented no evidence that such an occurrence will transpire here. As such, Mr. Becker's preference for free subscriptions—rather than the monetary relief provided for in the Settlement—is merely a disagreement with remedy design, it is not evidence of unfairness.

Turning to the substance of the Settlement benefits, they are appropriate, valuable, and equitable. The Settlement creates a $900,000 non-reversionary common fund with pro rata cash payments to approved claimants and meaningful prospective relief requiring SNAI to suspend operation of the Meta Pixel on VPPA-relevant pages, ensuring that all Settlement Class Members are treated equally and equitably. These benefits, *i.e.*, cash distributions and prospective relief, are standard and court-approved forms of direct class relief in the VPPA context. *See In re Vizio, Inc., Consumer Priv. Litig.*, No. 8:16-ml-02693-JLS, 2019 WL 12966638, at *5 (C.D. Cal. July 31, 2019) (granting final approval and denying objection stating "while each objection laments that the Settlement Agreement does not provide further monetary and injunctive relief for Class Members, neither objection raises persuasive reasons to disturb the Court's reasoned conclusion

[1] Indeed, coupon settlements are generally disfavored. *Copley v. Bactolac Pharm., Inc.*, No. 2:18-CV-00575-FB-PK, 2023 WL 2470683, at *3 (E.D.N.Y. Mar. 13, 2023); *see also Berkson v. Gogo LLC*, 147 F. Supp. 3d 123, 132 (E.D.N.Y. 2015) (noting that coupon settlements "have been widely criticized" and "are strongly disfavored by the Attorneys General of most of the states" (internal quotation marks omitted)).

that the amount offered in settlement is consistent with settlement recoveries in similar class actions, proportional to the claims released by Class Members, informed by the actual value of the data at issue, and otherwise fair and reasonable."); *Feldman v. Star Trib. Media Co. LLC*, No. 22-CV-1731 (ECT/TNL), 2024 WL 3026556, at *2 (D. Minn. June 17, 2024) (granting final approval to class action settlement of VPPA claim that provided both monetary and prospective relief). In contrast, in-kind subscriptions would primarily benefit only current or prospective subscribers, exclude eligible class members who are not current viewers, risk tethering class members to an ongoing relationship with SNAI, and pose additional administrative burdens that could dilute the value of this Settlement for Class members. The Court should reject the invitation to recast the Settlement's negotiated consideration.

Second, Mr. Becker's objection raises a policy disagreement with the causes of action brought against SNAI under the VPPA. Mr. Becker urges this Court to conduct a merits adjudication of the VPPA or to render advisory guidance about internet advertising and tracking technologies before approving the settlement. That request is outside the scope of the Court's Rule 23(e) analysis. The Court has already conducted an in-depth analysis of Plaintiff's allegations at the motion to dismiss stage and sustained Plaintiff's VPPA claim. *See* Dkt. No. 29. In its comprehensive opinion, the Court denied Defendant's motion to dismiss after carefully assessing Plaintiff's standing, whether Defendant plausibly qualifies as a "video tape service provider," whether Plaintiff is a VPPA "consumer," what type of digital information falls within the scope of "personally identifiable information" for purposes of the VPPA, and whether the alleged disclosure was made "knowingly." *Id*. at pp. 14-38. Having already vetted and rejected Defendant's threshold challenges to VPPA liability, there is no need—nor any basis—at final approval to revisit these merits issues to approve a fair, reasonable, and adequate Settlement negotiated at arm's-length by

the Parties with the assistance of neutral mediator.

Third, to the extent the Court considers merits as part of the risk assessment, those same complexities and uncertainties underscore the reasonableness of the proposed Settlement. Mr. Becker's objection discusses data flow concepts, websites' common use of third-party vendors for content management and storage, the progression of internet technology, and distinctions between "marketing" and "advertising," but these issues (even if accurate, which Plaintiff disputes) do not speak to the fairness of the Settlement's terms, nor do they diminish the litigation risks that informed the compromise underlying the agreement between the parties. *See* Dkt. No. 50 at pp. 13-15. *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC, 2023 WL 8443230, at *3 (N.D. Cal. Oct. 10, 2023) (granting final approval and rejecting objections to settlement because the objections "do not account at all for the risks presented by the VPPA claims, other than the due-process risks, they are without merit and are overruled."). To the extent Mr. Becker's objection does not speak to the Settlement's terms—but rather the legal framework of the underlying VPPA—his objection does not undermine the Settlement's fairness or adequacy.

Lastly, Mr. Becker's request for "compensation of $1 or more" for filing his objection should be denied. This solitary objection did not confer any measurable benefit on the Settlement Class, nor did it identify a defect in notice, administration, or Settlement terms.

A single objection and zero valid requests for exclusion—from a Class of tens of thousands of Members—signals overwhelming support for the proposed Settlement. *See Rodriquez v. It's Just Lunch Int'l*, No. 07-CV-09227 (SN), 2020 WL 1030983, at *4 (S.D.N.Y. Mar. 2, 2020) (Of the estimated 140,000 members contacted by the claims administrator, the 21 objectors represent a fraction of 1% of the Classes. Regardless of the substance of the objections, courts in this Circuit have found that such a small proportion of dissenting class members weighs in favor of approving

a settlement."); *In re GSE Bonds Antitrust Litig.*, No. 19-CV-1704 (JSR), 2020 WL 3250593, at *2 (S.D.N.Y. June 16, 2020) ("Thus, [i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." (internal citation omitted)). Accordingly, Plaintiff and Class Counsel submit that the reaction from the Settlement Class Members has been overwhelmingly positive and weighs in favor of approval of Plaintiff's Motions.

For these reasons and those specified in Plaintiffs' Motions, Plaintiff and Class Counsel respectfully request that the Court (i) grant final approval of the proposed Settlement of this case as fair, reasonable, and adequate; (ii) grant final certification to the Settlement Class; (iii) find the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances, (iv) award Class Counsel the requested attorneys' fees and litigation costs; (v) award Plaintiff the requested service award; and (vi) overrule the objection to the Settlement. A proposed order is attached hereto as Exhibit A.

Dated: October 23, 2025

Respectfully submitted,

*/s/ Samuel R. Jackson*

Samuel R. Jackson (5332325)
James Allen Carney (admitted *pro hac vice*)
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: sjackson@cbplaw.com
Email: acarney@cbplaw.com

*Attorneys for Plaintiff*